①
10-25-00

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA
228 WALNUT STREET
P.O. BOX 983
HARRISBURG, PA. 17108

```
-------------------------------x
Kebe David,                    :    1: CV   00-1883

        Petitioner,            :

    -v-                        :    I.N.S. File No. A75 805 834

Immigration and Naturalization :
Service,                       :
                                        FILED
        Respondent.            :        SCRANTON
-------------------------------x
                                        OCT 2 5 2000

                                        PER _____
                                            DEPUTY CLERK
```

### PETITION FOR RELIEF PURSUANT
### TO 28 U.S.C. § 2241 FOR
### WRIT OF HABEAS CORPUS

**NOW COMES** Kebe David, petitioner and pro-se hereby respectfully moves this Honorable Court to grant him Nominal Bail pursuant to **Federal Rules of Civil Procedure 65(c)**, pending the resolution of his deportation by the Immigration and Naturalization Service (INS).

Petitioner asserts that his continued detention under **Section 236, of the Immigration and Nationality Act (INA), Title 8 Code of Federal Regulation** pending a final determination of his removal violates his Constitutional Due Process Clause of the Fifth Amendment.

-1-

## REVELANT FACTS OF THE CASE

On or about September 1996, petitioner entered the United States at New York with an F-1 Student Visa, to attend Andrada College, with authorization to remain in the United States for duration of status.

On or about June 16th, 1998, petitioner was arrested for Intentional Fraud in Obtaining Trans, Criminal Trespass, Third Degree, sentenced to time served.

On or about June 17th, 1998, petitioner was arrested for Intent Fraud in Obt. Trans, Criminal Trespass, sentenced to time served.

Petitioner's termed of incarceration terminated on or about February 11th, 1999, and petitioner was remanded to the custody of the Immigration and Naturalization Service.

Subsequently, petitioner was ordered deported on or about February 25th, 1999, no Appeal was taken.

On or about May 21st, 1999, INS made an attempt to deport petitioner during which time the INS Officers' contacted the Consulat General De France A Washington to obtain travel documents to deport petitioner, even though petitioners' position is more likely than not that petitioner "would not be deported to his native country", because the Consulat General De France A Washington, refuse to issue petitioner with French travel document.  See **(Exhibit #A)**.

On or about August 16th, 1999, the District Director reviewed petitioner's custody status.  See **(Exhibit #B)**.

On or about in 1999, the District Director denied petitioner's release.  See **(Exhibit #C)**.

On or about March 2nd, 2000, the District Director reviewed petitioner's custody status.  See **(Exhibit #D)**.

On or about April 28th, 2000, R. Colly for M. Francis Holmes denied petitioner release.  See **(Exhibit #E)**.

On or about in 2000, the District Director reviewed petitioner's custody status.  See **(Exhibit #F)** ※ᵘ (As of to date there has been no decision by the District Director). ※ (١) (Exhibit ) F₁

Petitioner is still presently under the custody of the INS, at Snyder County Prison, Selinsgrove, PA., awaiting deportation.

This District Court, for the Middle District of Pennsylvania has Jurisdiction over this petition by virtue of **Title 28 U.S.C. § 2241**, of the Federal Rules of Criminal Procedure which allows person[s] being detained or held to petition the Court in the District or Jurisdiction of their confinement.

The Fifth Amendment mandates that "No person shall be deprive of Life, Liberty, or Property without Due Process of Law."  This Due Process protection extends not only to the United States citizens but any person within the territoral United States.  See **Plyer v. Doe**, **457 U.S. 202, 102 S.Ct. 2382, 72 L.Ed.2d 786 (1982)**.

## ISSUE PRESENTED FOR REVIEW

Whether a continued detention of petitioner under **236 of the Act**, violates petitioner's Constitutional Due Process of the Fifth Amendment?

Suggestive Answer .  .  .  .  .  . .**In the Positive.**

Whether the denials based on temporally distant offenses by the District Director, violates petitioner's Due Process Rights?

Suggested Answer .  .  .  .  .  .  . **In the Positive.**

## ARGUMENT IN SUPPORT

Petitioner, Kebe David entered the United States with an F-1 Student Visa.  As a resident with well established family ties, petitioner is entitled to a bail based on the enactment of **Section 236 of INA**, that governs the release of certain aliens, including but limited to aliens who had a legal entry into the United States violates the Due Process Clause.

Substantive Due Process guards against governmental interference with those rights implict in the concept of ordered

Liberty.  See **Palko v. Connecticut**, 302 U.S. 319, 58 S.Ct.
149, 82 L.Ed. 288 (1983).

Procedural Due Process focuses on the fairness of the
process used by the Government when it act to deprive a Person
of Life, Liberty, or Property.  See **Mathews v. Etdridge**, 424
U.S. 319, 76 S.Ct. 893, 47 L.Ed.2d 18 (1976).

Petitioner contends that Resident, whom presently the
INS has not made any further effort to deport, his detention
implicates a Liberty Interest.  See **United States v. Montalvo-
Murilla**, 493 U.S. 711 S.Ct. 2072, 109 L.Ed. 720 (1990).

Petitioner asserts that although Congress had a legitimate
regulatory goal in detaining aliens with criminal convictions
but these detentions without bail to determine their danger
to the community and their flight risk, that detention is
excessive in relation to the regulatory goal.  See **United
States v. Salerno**, 481 U.S. 739, 109 S.Ct. 2095, 95 L.Ed.2d
697 (1987).

Petitioner alleges that Due Process is not satisfied,
however, by rubber-stamp denials based on temporally distant
offenses and for INS to presumed petitioner's dangerousness
to the community based solely on petitioner's past criminal
record does not satisfy Due Process.  Presenting danger to
the Community at one point by committing crime does not place
petitioner forever beyond redemption.

In **Phan v. Reno**, 56 F.Supp.2d 1149 (W.D.Wash.1999), the
Court noted its dissatisfaction with earlier INS review procedures,
reciting criticism that "Directors simply relied on the aliens'

past criminal history and the fact that they were facing removal from the United States, summarily concluding that the aliens posed such risks and denying them release." **Id.**

In **United States v. Carlson**, 96 L.Ed. 547 (1952), the Supreme Court ruled that "a purpose to injure [society] could not be imputed to all aliens subject to deportation", thus a cases by case determination is essential to avoid erroneous deprivation of Liberty.

In **Aquillera-Enriquez v. INS**, 516 F.2d 565 (6th Cir. 1975), **cert. denied**, 46 L.Ed.2d, the Court ruled that "if a procedure mandated by Congress does not provide an alien with Procedural Due Process it must yield", **Section 1226(c)(i)** is a procedure that was mandated by Congress that obviously does not provide for Procedural Due Process and must yield to Constitutional demands.

In **Martina v. Green**, 28 F.Supp.2d 1275 (D. Cola, 1998), the Court held that **1226(a)** is unconstitutional on its face as it violates the Substantive and Procedural Due Process Rights of an alien.

In **Van-Eeton v. Bedes**, 49 F.Supp.2d 1186 (D. Or. 1999), the Court stated that **Section 1226(c)**, violates petitioner's Due Process Rights and ordered a bail or release.  See also **St. John v. McElroy**, 917 F.Supp. 243 (S.D.N.Y. 1996).

Recently, the Third Circuit addressed this issue of detaining a criminal alien by the INS for lengthy periods when removal is beyond the control of the INS and when

-6-

appropriate provisions for parole are available.   See **Ngo v. INS**, 192 F.3d (3rd Cir. 1999).

Petitioner contends, that the INS has failed in their Administrative Due Process, as provided by **Ngo**, **Id.** at **392, 394-98,** therefore violating petitioner's Due Process Rights.

Secondly, petitioner has submitted numerous evidence to the District Director and Deportation Officers on petitioner behalf to show in support of his rehabilitation.   See (**Exhibit #G**).

This Honorable Court has authority to grant petitioner release on Bond pending the resolution of removal.   See **Walter v. Reno**, 145 F.3d 1032 (9th Cir. 1998);  **Gomez v. Reno**, 167 F.3d 1129 (9th Cir. 1999).

Before the Court may grant a bail, it must consider whether:-  "Petitioner would be a threat to the safety or security of the Community or threat to the National Security of the United States.   See **Carlson v. Landon**, 243 U.S. 524 (1952) (BIA 1962).

Petitioner does not fall in any of the above categories, and should be considered for a bond for release.

## CONCLUSION

**WHEREFOR,** in light of the foregoing reasons, petitioner respectfully moves this Honorable Court to grant his Writ of Habeas Corpus and order the INS to give petitioner a Minimal

-7-

bond for release or to release petitioner on parole through

the Interim Procedure to which procedure will satisfy due

process.

Dated:    October _17_, 2000.            Respectfully Submitted,
          Selinsgrove, PA. 17870
                                              _Kebe David_

                                         Kebe David, pro-se
                                         Register No. _99oo80_
                                         Snyder County Prison
                                         600 Old Colony Road
                                         Selinsgrove, PA. 17870
                                         Unit B-16

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing has been furnished upon the District Director, Ms. Francis Holmes, 1600 Callowhill Street, Philadelphia, PA. 19130, by placing same in the United States mail, postage prepaid on this _17_ , day of October, 2000.


To:  The Office of the Clerk
     United States District Court
     Middle District of Pennsylvania
     228 Walnut Street
     P.O. Box 983
     Harrisburg, PA. 17108


cc:  M. Francis Holmes
     District Director
     1600 Callow-Hill Street
     Philadelphia, PA. 19130


Subscribe and Sworn to before me on

this _17_ , day of October, 2000.

Respectfully Submitted,

_Kebe David_

Kebe David, pro-se
Register No. _99ooo80_
Snyder County Prison
600 Old Colony Road
Selinsgrove, PA. 17870
Unit B-16

**EXHIBIT #A**

République Française

CONSULAT GENERAL DE FRANCE
A
WASHINGTON

RECEIVED Washington, May 21st, 1999

1999 JUN 17 AM 11: 09

DD&P – PHI

A 75305834

001586

Dear Mr Shearon,

Following your fax of March 23 and our recent telephone conversation relating to a French travel document for Mr David Kebe, I confirm you that we are unable to trace the identity of Mr David Kebe, who   said to be born on September 6, 1959 or 1966 in Paris 12è.

The civil registrar did not find any birth certificate at those dates, and the Passport and ID Card issuing Office in Paris confirmed that no passport has been issued in the name of David Kebe between May and September 1995.

Consequently, this office is not in a position to issue M. Kebe with a French travel document.

Sincerely.

Anne ROUX
Deputy Consul General

US Department of Justice

Immigration and Naturalization Service
1600 Callowhill Street
Philadelphia, PA 19130

4101 Reservoir Road, N.W.      Washington, D.C. 20007-2185      (202) 944-6211      Télécopieur (202) 944-6148

**EXHIBIT #B**



**U.S. Department of Justice**
**Immigration and Naturalization Service**

_1600 Callowhill Street_
_Philadelphia, PA 19130_

<u>A75 805 834</u>

David KEBE
C/O Snyder County Prison
600 Old Colony Road
Selinsgrove, PA 17870

### Notice to Alien

Federal regulations permit an alien who has been detained for 90 days following a final removal order to be released if his or her removal from the United States is not possible or practicable. Release, however, is dependent on "clear and convincing evidence" that the alien **will not** pose a danger to the community and **will not** be a significant flight risk.

Your custody status will be reviewed on <u>August 16, 1999</u> and among the factors the district director may consider are the following:

1. The nature and seriousness of the alien's criminal convictions;
2. Other criminal history;
3. Sentences imposed and time actually served;
4. History of failures to appear for courts;
5. Probation history;
6. Disciplinary problems while incarcerated;
7. Evidence of rehabilitative effort or recidivism;
8. Equities in the United States, and
9. Prior immigration violations and history.

You may submit any documentation you wish to be reviewed in support of your release to the office listed below. Your documentation should be received no later than <u>August 13, 1999</u>.

U.S. Department of Justice
Immigration and Naturalization Service
Attn: DD&P/ Officer Hoechst
1600 Callowhill St.
Philadelphia, PA 19130

EXHIBIT **#C**



**U.S. Department of Justice**
Immigration and Naturalization Service

1600 Callowhill Street
*Philadelphia, PA 19130*

David Kebe A75 805 834
C/O Snyder County Prison
600 Old Colony Road
Selinsgrove, PA 17870

# Decision to Continue Detention
# Following Interview

☐    Preliminary Decision
       (Subject to Review by Headquarters)

x      Final Decision

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of the Immigration and Naturalization Service (INS). This decision has been made based on a review of your file, your personal interview, and consideration of the information submitted to INS' reviewing officials in support of your application for release.

After carefully weighing the factors pertaining to your case, you will not be released from the custody of the INS because: (attach additional sheets if necessary)

You have been convicted of three crimes of violence in addition to other violations. There is nothing in your file which indicates you have any bona fide residence or employment prospects upon your release. Your lack of community ties makes you a flight risk, and the pattern of violent behavior in your criminal record in the absence of rehabilitative efforts suggests you would be a threat to the community if released.

EXHIBIT **#D**



**U.S. Department of Justice**
Immigration and Naturalization Service

A75 805 834

*1600 Callowhill Street*
*Philadelphia, Pa. 19130*

David KEBE                              A#75 805 834
Snyder County Prison
600 Old Colony Road
Selinsgrove, Pa. 17870

## Notice to Alien of Interview for Review of Custody Status

It is the policy of the Immigration and Naturalization Service (INS) to periodically review the custody status of detained aliens who have final orders of removal, deportation or exclusion. You are required to cooperate with the INS in effecting your removal from the United States.

Release from INS custody is dependent on your demonstrating by "clear and convincing evidence" that you **will not** pose a danger to the community and **will not** be a significant flight risk.

You will be interviewed for this purpose and you are scheduled to appear for this interview on **March 2, 2000** at Snyder County Jail to discuss whether or not you will be recommended for release.

In determining whether you should be released at this time, the INS District Director may consider, but is not limited to considering the following:

1.  The nature and seriousness of your criminal convictions;
2.  Other criminal history;
3.  Sentence(s) imposed and time actually served;
4.  History of escapes, failures to appear for judicial or other proceedings, and other defaults;
5.  Probation history;
6.  Disciplinary problems while incarcerated;
7.  Evidence of rehabilitative effort or recidivism;
8.  Equities in the United States; and
9.  Prior immigration violations and history.
10. Cooperation in obtaining your travel document.

You are required to complete the information on the following page.

(Page 1 of 2)

**EXHIBIT #E**



**U.S. Department of Justice**
Immigration and Naturalization Service

*1600 Callowhill Street*
*Philadelphia, Pa. 19130*

David KEBE                                    A#75 805 834
Snyder County Prison
600 Old Colony Road
Selinsgrove, Pa. 17870

# Decision to Continue Detention
# Following Interview

☒   Preliminary Decision
      (Subject to Review by Headquarters)

☐   Final Decision

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of the Immigration and Naturalization Service (INS). This decision has been made based on a review of your file, your personal interview, and consideration of the information submitted to INS' reviewing officials in support of your application for release.

After carefully weighing the factors pertaining to your case, you will not be released from the custody the INS, because you have not demonstrated by clear and convincing evidence that you would not pose a dan to the community and you would not be a significant flight risk. A review of your record reflects several arrest and convictions for violence including Assault with intent to cause injury, Assault and Menacing with a weapon. You have failed to submit any evidence, which shows that you have been rehabilitated. You have also failed to submit any evidence that you have any ties to the community or equity in the United States, which would show that you would not pose a flight risk if you were released from custody.

In addition, your responses to questions presented for discussion during the interview were found non credible.

The INS will conduct another review of your custody status within six months of the date of this notice It is in your best interest to maintain proper behavior while awaiting this review. If you have any questions please contact:

David C. O'Neill_____ At:  ___P.O. Box 209 White Deer. Pa. 17887_____
(Officer Name)                              (Address)

_____                    4/28/00
Signature of District Director/Designated Representative          Date
for M. Frances Holmes

**EXHIBIT #F**



**U.S. Department of Justice**
Immigration and Naturalization Service

A75 805 834

_____

*1600 Callowhill Street*
*Philadephia, Pa. 19130*

David KEBE                                    A#75 805 834
Snyder County Prison
600 Old Colony Road
Selinsgrove, Pa. 17870

## Notice to Alien of File Custody Review
## (Alternate Review)

It is the policy of the Immigration and Naturalization Service (INS) to periodically review the custody status of detained aliens who have final orders of removal, deportation or exclusion. You are required to cooperate with the INS in effecting your removal from the United States.

The INS District Director will review your case for consideration of release on an Order of Supervision. Release from INS custody is dependent on your demonstrating by "clear and convincing evidence" that you **will not** pose a danger to the community and **will not** be a significant flight risk.

Your custody status will be reviewed on or about September 5, 2000. The District Director may consider, but is not limited to considering the following:

1. The nature and seriousness of your criminal convictions;
2. Other criminal history;
3. Sentence(s) imposed and time actually served;
4. History of escapes, failures to appear for judicial or other proceedings, and other defaults;
5. Probation history;
6. Disciplinary problems while incarcerated;
7. Evidence of rehabilitative effort or recidivism;
8. Equities in the United States;
9. Prior immigration violations and history; and
10. Cooperation in obtaining your travel document.

You may submit any documentation you wish to be reviewed in support of your release, prior to the date listed above, to the attention of the Officer and address below. English translations must be provided pursuant to 8 CFR 103.2(b)(3). An attorney or other person may submit materials on your behalf.

U.S. Department of Justice
**Immigration and Naturalization Service**
Attn: David O'Neill, Deportation Officer
P.O. Box 209
White Deer, Pa. 19130



**U.S. Department of Justice**
Immigration and Naturalization Service

---

P.O. Box 209
White Deer, PA 17887

David KEBE                                          A#75 805 834
C/O Snyder County Jail
600 Old Colony Road
Selinsgrove, PA 17870

## Decision to Continue Detention
## Following File Review

 This letter is to inform you that your custody status has been reviewed by the Immigration and Naturalization Service (INS) and that you will not be released from custody at this time.

 This decision was based on a review of your file record and consideration of information you submitted to INS' reviewing officials.

 You are not being released because you have not demonstrated by clear and convincing evidence that you would not present a threat to society if you were released. In fact your record reflects criminal convictions for Disorderly Conduct (6/11/98), Intent/ Fraud Obtain transportation (6/16/98 and 6/17/98); Assault with Intent to Cause Physical Injury (7/21/98); Robbery (9/4/98) and Menacing with a Weapon (1/26/99). You have not submitted sufficient evidence to show that you no longer present a threat to society.

 You have also not shown that you would not present a flight risk if you were released. You claim to have entered the U.S. as a student, yet you failed to attend school, therefore violating the terms of your admission. You have little equity in the United States and have not supplied sufficient evidence regarding your citizenship. Therefore it is not clear that you would appear for removal as required.

 The INS will conduct another review of your custody status within six months of the date of this notice. It is in your best interest to maintain proper behavior while awaiting this review. If you have any questions please contact, <u>Deportation Section</u> at:

P.O. Box 209, White Deer, PA 17887

_(Address)_

---

Signature of District Director/Designated Representative     10/13/00

      Charles W. Zemski         Date

(Page 1 of 2)    Acting District Director
       Philadelphia

( Exhibit F )

**EXHIBIT #G**



# SNYDER COUNTY PRISON

### 600 OLD COLONY RD.
### SELINSGROVE, PA  17870

PHONE: (570) 374-7912

FAX : (570) 374-7921

GEORGE C. NYE
WARDEN

LARRY E. WOMER
DEPUTY WARDEN

DATE:  9/18/00

TO:  Whom It May Concern

FM:  George C. Nye, Warden

RE:  Kebe, David

Frequently, INS inmates housed at this facility request a recommendation from staff to be used by the inmate for purposes of deportation hearings and proceedings.

It is the policy of the Snyder County Prison to refrain from preparing "letters of recommendation" unless the INS makes such a request.  However, in lieu of a letter of recommendation, the Warden of the Snyder County Prison does prepare a "letter of facts" for an inmate's use.

This letter of facts has been prepared at the request of the above named inmate and covers the following items.  This letter *is not* to be perceived as a recommendation of any kind.

DATE OF COMMITMENT TO THE SNYDER COUNTY PRISON:  2/12/99

CONDUCT  RECORD:  (If no infraction reports have been noted, indicate "clear" conduct.)  (If an inmate has not maintained "clear" conduct, indicate the date of the infraction, the nature of the infraction, and the disposition of the infraction by the Discipline Hearing Committee.)

Clear

WORK ASSIGNMENTS:

Block cleaner

PROGRAM PARTICIPATION:  (Include all educational programs as well as drug abuse classes, etc.)

```
Stress & Anger Management
Arts & Crafts
Muslim Services
```

OTHER NOTEWORTHY ITEMS:

```
None
```

OVERALL GENERAL ADJUSTMENT WHILE CONFINED:

```
Good
```

# THIS IS TO CERTIFY THAT

## DAVID KEBE

### HAS SUCCESSFULLY COMPLETED THE

## STRESS AND ANGER MANAGEMENT COURSE

### SNYDER COUNTY PRISON

*Debra Manney, B.S.*

*Sharon L. Silberman, M.A.*

SHARON SILBERMAN, M.A.

DEBRA MANNEY, B.S.

*July 12, 2000*

DATE

# I.N.S.

## REVIEW PANEL

DAVID KEBE : A.75805834

⸺Iam sorry to be writing this letter but under the circumstances I was giving the letter about a review on SEPT 7th and my review was daled on the 5th agian Iam not sure of whats going on so I writing on behalf. SO now Iam writing in regards to my file review this is the 3rd review I have recieved from I.N.S. within 20 months in custody I fell its time that I  recieve a favorable review Iam being denied for the same reasons over and over please giveme a chance to prove mys I don't understand why Iam being denied for standing up for my rights this county immates have a advantage over most I.N.S. they know if we do something we lose. A review and give six months of our lives..

⸺PLEASE let me prove myself. I fell that this has made a difference in my life, when Iam given this chance I know I can get on with my live and my studies. I will be residing at KHEENNER BUILDING WARD ISLAND MANHATTAN N.Y. SO there shouldn't be a problem for any to find me.

⸺I have taken programs here at SNYDER COUNTY PRISON to improve myself and have compleded them, this should show Iam trying. BUT please under the circumstances it can be difficult. ALL Iam asking is for a chance, I fell after all this time I desirve one, thats all Iam asking one chance, how can anyone know what Iam capable of if they keep me locked up. PLEASE all Iam asking is for this chance THANK YOU for your conci-deration on this matter.

DAVID KEBE

09 - 11 - 2000

**U.S. Department of Justice**
Immigration and Naturalization Service

**1: CV  00-1883**

Continuation Page for Form    I-862

| Alien's Name | File Number | Date |
|---|---|---|
| KEBE, David | A75 805 834 | February 11, 1999 |

AKA: GIBBY, David;  TEBE, David;  PICKERING, Philip

**ALLEGATIONS:**

FILED
SCRANTON

OCT 2 5 2000

PER _____
         DEPUTY CLERK

1.    You are not a citizen or national of the United States;

2.    You are a native of France and a citizen of France;

3.    You entered the United States at New York, New York, on or about September 1996, as an F-1 student to attend Andrada College, and with authorization to remain in the United States for duration of status;

4.    You did not attend Andrada College;

5.    You were convicted of the crime of Theft of Services, in violation of section 165.15 of the New York State Penal Code, pursuant to a judgement entered on or about June 16, 1998, by the Criminal Court of the City of New York, County of New York, under Docket # 98N054828;

6.    You were convicted of the crime of Theft of Services, in violation of section 165.15 of the New York State Penal Code, pursuant to a judgement entered on or about June 17, 1998, by the Criminal Court of the City of New York, County of New York, under Docket # 98N055345;

7.    The aforementioned crimes did not arise out of a single scheme of criminal misconduct.

**CHARGES:**

Section 237(a)(1)(C)(i) of the Immigration and Nationality Act (Act), as amended, in that after admission as a nonimmigrant under Sections 101(a)(15) of the Act and 235.1(f)(iii) of Title 8, Code of Federal Regulations, you failed to comply with the conditions of the nonimmigrant status under which you were admitted.

Section 237(a)(2)(A)(ii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after admission, you have been convicted of two crimes involving moral turpitude not arising out of a single scheme of criminal misconduct.

| Signature | Title |
|---|---|
| James J. Mooney | Acting Deputy Assistant District Director for Investigations, NY NY |

# 1: CV 00-1883

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. §2241 BY A PERSON IN FEDERAL CUSTODY

### INSTRUCTIONS - READ CAREFULLY

1.  This petition must be <u>legibly</u> handwritten or typewritten, signed by the petitioner and subscribed to under penalty of perjury as being true and correct. Any false statement of a material fact may serve as the basis for prosecution and conviction for perjury. All questions must be answered concisely in the proper space on the form. Where more room is needed to answer any questions attach additional 8 1/2 x 11 inch paper.

2.  No citation of authorities need be furnished. If briefs or arguments are submitted, they should be submitted in the form of a separate memorandum.

3.  Upon receipt of a fee of $5.00 your petition will be filed if it is in proper order.

4.  If you do not have the necessary filing fee, you may request permission to proceed <u>in forma pauperis</u>, in which even you must execute the affidavit on the last page, setting forth information establishing your inability to prepay the fees and costs or give security therefor. If you wish to proceed <u>in forma pauperis</u>, you must have an authorized officer at the penal institution complete the certificate as to the amount of money and securities on deposit to your credit in any account in the institution. If your prison account exceeds $150.00, you must pay the filing fee as required by the rule of the district court.

5.  Only judgments entered by one court may be challenged in a single petition. If you seek to challenge judgments entered by different courts either in the same state or in different states, you must file separate petitions as to each court.

6.  Your attention is directed to the fact that you must include all grounds for relief and all facts supporting such grounds for relief in the petition you file seeking relief from any judgment of conviction.

# 1: CV 00-1883

7. When the petition is fully completed, the <u>original and two copies must be mailed to the Clerk</u> of the United States District Court, FOR THE MIDDLE DISTRICT OF PENNSYLVANIA, UNITED STATES POST OFFICE AND COURTHOUSE, SCRANTON, PENNSYLVANIA, PA. 18501

8. Petitions which do not conform to these instructions will be returned with a notation as to the deficiency.

FILED
SCRANTON

OCT 25 2000

## PETITION

PER _____
DEPUTY CLERK

1. Name and location of court which entered judgment of conviction under which you are presently confined:

the office of The Clerk - United States district court
Middle District of Pennsylvania  228 Walnut Street P.o Box 983. Ham
P.a. 17108

2. Date of judgment of conviction  June 16 and June 17 1998

3. Length of sentence  3 days  Sentencing Judge  _____

4. Nature of offenses for which you were convicted: _____
Theft of Service On jumping the Subway turnstyle _____
_____

5. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?    Yes _____    No ✓

6. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes _____    No ✓

(a) If so, give name and location of court which imposed sentence to be served in the future: _____
_____

(b)  And give date and length of sentence to be served in future:

_____

_____

(c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?   Yes _____    No ___✓___

7.   State <u>concisely</u> every ground on which you claim that you are being held unlawfully.   Summarize <u>briefly</u> the <u>facts</u> supporting each ground.

A.  Ground one: ___ _____ ___ _____

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law)

Petitioner's termed of incarceration terminated on February 11th 1999 and Petitioner was remanded to the custody of the IMMigration and Naturalization Service (INS)

_____

Petitioner was ordered deported on February 25 199_

No appeal was taken.

B.  Ground two: _____

Supporting FACTS (tell your story <u>briefly</u> without citing cases or law)

Petitioner is still presently under the custody of INS at Snyder county Prison, Selinsgrove, Pa. AWaiting deportation

_____

_____

_____

C. Ground three: _____ _____ _____

Supporting FACTS (tell your story briefly without citing cases or law)

Petitioner alleges that due Process is not satisfied, however by Rubber-Stamp denials based on temporarelly distant offen and For INS to Presumed Petitioner's dangerousness to the community based on solely on Petitioner's Past crimina Record does not satisfy due Process. Presenting danger to the community at one Point by committing crime does not Place Petitioner's Forever beyond Redemption.

(Please insert additional grounds, if necessary)

   Wherefore, petitioner prays that the Court grant petitioner relief to which he/she may be entitled in this proceeding.

   I declare under penalty of perjury that the foregoing is true and correct.


Executed on   October 16. 2000
                 Date



                          Kebe DAViD
                          Signature



_____
Signature of Attorney
(if any)