

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID KEBE,                 :      CIVIL ACTION NO. **1:CV-00-1883**

            :

         Petitioner       :      (Judge Kane)

            :

         v.              :      (Magistrate Judge Blewitt)

            :

IMMIGRATION and         :

NATURALIZATION SERVICE,   :

            :

         Respondents      :

FILED
SCRANTON

NOV 0 7 2000

PER _____
DEPUTY CLERK

## REPORT AND RECOMMENDATION

On October 25, 2000, the Petitioner filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2241 seeking release. He is alleging that his prolonged detention violates his constitutional rights.

Habeas corpus petitions brought pursuant to Section 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1997) (applicable to Section 2241 petitions under Rule 1(b)). *See, e.g., Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979). Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." We give the petition preliminary review.

The Petitioner brought a similar 28 U.S.C. § 2241 petition in November 1999 entitled *Kebe v. Reno*, Middle District of Pennsylvania Civil Action No. 1:CV-99-2026. Therein, the Petitioner sought "release under the mandatory federal regulation § 241(a)(2), that permit the Immigration and Naturalization Service to release aliens who has been detained over 90 days following a final removal order...." (*Kebe v. Reno*, Doc. 1, p. 1). In addition to the above issue, the Petitioner's prolonged detention was addressed in the Report and Recommendation authored by the undersigned and adopted by the Honorable Yvette Kane. (Copies of the Report and Recommendation and the pertinent Order are annexed hereto). The following is extracted from the prior Report and Recommendation:

> This leads us to the issue of whether the Petitioner, who has been ordered removed from the United States, but who cannot be readily returned to his country of origin, can be detained for a prolonged period. This has recently been addressed by the Third Circuit in *Ngo v. Immigration and Naturalization Services*, 192 F.3d 390 (3d Cir. 1999). The *Ngo* Court held that "excludable aliens with criminal records as specified in the Immigration Act may be detained for lengthy periods when removal is beyond the control of the INS, provided that the appropriate provisions for parole are available. When detention is prolonged, special care must be exercised so that the confinement does not continue beyond the time when the original justifications for custody are no longer tenable." 192 F.3d at 398.
>
> Following the Oral Argument in the Third Circuit, INS enacted Interim Rules which the *Ngo* Court found to "provide reasonable assurance of fair consideration of a petitioner's application for parole pending removal." *Id.* at 399. They include, *inter alia*, "(1) written notice to the alien thirty days prior to the custody review advising that he may present information supporting a release; (2) the right to representation by counsel or other individuals; (3) the opportunity for an annual personal interview; (4) written explanations for a custody decision; (5) the opportunity for review by INS headquarters; (6) reviews every six months; [and] (7) a refusal to presume continued detention based on criminal history." *Id.*
>
> The Petitioner was given a "Detained Alien Custody Review" in accordance with the Interim Rules on October 22, 1999. At that time, it was determined that

2

based upon numerous arrests and convictions, the Petitioner showed a pattern of violence, with several convictions related to the acts of violence, and that he would pose a threat to the community.  (Doc. 6, Exhibit 4).  It was recommended that he remain in custody and that his case be reviewed again in six (6) months.  *Id*.
The appropriate safeguards have been taken by INS with respect to the prolonged detention of the Petitioner.

In his present petition, the Petitioner states that his custody status has been reviewed on March 2, 2000.  The Preliminary Decision was to continue the Petitioner's detention as the Petitioner did not present clear and convincing evidence that he would not pose a danger to the community and would not be a significant flight risk.  (Doc. 1, Exhibit E).  Also considered was the Petitioner's violent history and his lack of ties to the community.

The Petitioner's custody status was again reviewed on or about September 5, 2000.  (Doc. 1, Exhibit F).  A "Decision to Continue Detention Following File Review" was issued on October 13, 2000.  (Doc. 1, Exhibit F-1).  Again, the Petitioner was not released as he had not demonstrated by clear and convincing evidence that he would not present a threat to society.  Also, he had not shown that he would not present a flight risk.

He is scheduled for another review within six months.  The appropriate safeguards continue to be been taken by INS with respect to the prolonged detention of the Petitioner.

Based upon the above, it is respectfully recommended that the Petition for Writ of Habeas Corpus be denied.

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: November 7, 2000

4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID KEBE,                          :    CIVIL ACTION NO. 1:CV-99-2026
                    Petitioner       :    (Judge Kane)
                                     :
         v.                          :
                                     :
JANET RENO, Attorney General of the  :
United States, M. FRANCES HOLMES,    :
and IMMIGRATION and                  :
NATURALIZATION SERVICE,              :
                    Respondent       :

**FILED**
HARRISBURG, PA

OCT 0 5 2000

MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

## ORDER

Before the Court are Petitioner's Petition for Writ of Habeas Corpus, Response of

Respondents, Magistrate Judge's Report and Recommendation, Petitioner's Objections to the

Report and Recommendation; and Respondent's Reply to Petitioner's Objections. Also pending

are one motion by Petitioner styled as a supplementary motion (Doc. No. 11) and two Motions

by the Petitioner for expedited hearing (Docs. No. 12 and 13). Upon independent de novo

review of the entire record and the applicable law, the Court accepts and hereby adopts the

findings and recommendation of the Magistrate Judge and overrules Petitioner's objections

thereto. **AND NOW**, for the reasons fully stated in Magistrate Judge Blewitt's Report and

Recommendation filed January 31, 2000, **IT IS ORDERED THAT** Petitioner's Writ of Habeas

Corpus is **DENIED**. Therefore, Petitioner's supplemental motion and Motions for Expedited

Hearing are also **DENIED**. The Clerk shall close the file.

Yvette Kane
United States District Judge

Dated: October _5_, 2000

Certified from the record
Date 10/5/00
_____ Andrea, Clerk
Per _____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID KEBE,                                          :          CIVIL ACTION NO. **1:CV-99-2026**
                                                     :
                      Petitioner                     :          (Judge Kane)
                                                     :
             v.                                      :          (Magistrate Judge Blewitt)
                                                     :
JANET RENO, Attorney General of the                  :
United States, M. FRANCES HOLMES,                    :                    FILED
and IMMIGRATION and                                  :                 SCRANTON
NATURALIZATION SERVICE,                              :
                                                     :                 JAN 3 1 2000
                      Respondents                    :
                                                                PER _____
                                                                        DEPUTY CLERK

## REPORT AND RECOMMENDATION

On November 18, 1999, the Petitioner filed this Petition for Writ of Habeas Corpus.  While

entitled a petition pursuant to 28 U.S.C. §2255, the Petition is appropriately considered a petition

filed pursuant to 28 U.S.C. §2241.  We will therefore consider it as such.

The Petitioner is seeking "release under the mandatory federal regulation § 241(a)(2), that

permit the Immigration and Naturalization Service to release aliens who has been detained over

90 days following a final removal order...." (Doc. 1, p. 1).

**I. Background.**

The Petitioner alleges that he is a native and citizen of France who entered the United States

on or about September, 1996, to attend school with the help of UNISCO, an international

amnesty.[1] (Doc. 1 and Doc. 6, Exhibit 2, p. 3). On or about February 2, 1999, he was arrested in

---

[1]In the Statement of Facts section of the Respondent's Response, it states that the
Petitioner claims that he is a native and citizen of France who entered the United States in

New York City for jumping the subway turnstile. In his defense, he states that he paid the fare but had to jump the turnstile because it would not move.

According to the Respondent, in 1998, the Petitioner was convicted in Criminal Court of the City of New York, County of New York, and was sentenced to a term of incarceration. Thereafter, the INS instituted administrative removal proceedings. On February 25, 1999, the Petitioner was ordered removed from the United States. (Doc. 6, Exhibit 3). The Petitioner has not yet been removed.

## II. Discussion.

The Petitioner first argues that he should be released because INS did not remove him within ninety days of the Removal Order. When an alien is ordered removed, "the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231 (a)(1)(A). However, "[t]he removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal." 8 U.S.C. § 1231(a)(1)(C).

The Petitioner has yet to be removed due to difficulty in obtaining travel documents. Specifically, Anne Roux of the French Consulate advised INS that she is unable to trace the Petitioner's identity. (Doc. 6, Exhibit 1). The civil registrar did not find any birth certificate for the

---

1970. (Doc. 5, p. 2 citing Pet. at p. 2). However, the Petitioner does not claim that he entered the United States in 1970. Rather, he states that he was born in Paris, France, on September, 6, 1970.

2

represented dates of birth, and the Passport and ID Card issuing Office in Paris confirmed that no

passport had been issued in the name of David Kebe. *Id.* This is indicative of false information

being provided by the Petitioner regarding such crucial information as his birth date, birth place,

nationality, date of entry, and date of issuance of passport. The French Consulate is unable to trace

the Petitioner's identity and thus, is unable to issue a French travel document. According to the

Respondent, the INS is presently attempting to determine whether the Petitioner is a native and

citizen of Senegal. (Doc. 5, p. 3). Under these circumstances, suspension of the ninety-day period

is appropriate.

This leads us to the issue of whether the Petitioner, who has been ordered removed from

the United States, but who cannot be readily returned to his country of origin, can be detained for

a prolonged period. This has recently been addressed by the Third Circuit in *Ngo v. Immigration

and Naturalization Services*, 192 F.3d 390 (3d Cir. 1999). The *Ngo* Court held that "excludable

aliens with criminal records as specified in the Immigration Act may be detained for lengthy periods

when removal is beyond the control of the INS, provided that the appropriate provisions for parole

are available. When detention is prolonged, special care must be exercised so that the confinement

does not continue beyond the time when the original justifications for custody are no longer

tenable." 192 F.3d at 398.

Following the Oral Argument in the Third Circuit, INS enacted Interim Rules which the *Ngo*

Court found to "provide reasonable assurance of fair consideration of a petitioner's application for

parole pending removal." *Id.* at 399. They include, *inter alia*, "(1) written notice to the alien thirty

days prior to the custody review advising that he may present information supporting a release; (2)

3

the right to representation by counsel or other individuals; (3) the opportunity for an annual personal interview; (4) written explanations for a custody decision; (5) the opportunity for review by INS headquarters; (6) reviews every six months; [and] (7) a refusal to presume continued detention based on criminal history." *Id.*

The Petitioner was given a "Detained Alien Custody Review" in accordance with the Interim Rules on October 22, 1999. At that time, it was determined that based upon numerous arrests and convictions, the Petitioner showed a pattern of violence, with several convictions related to the acts of violence, and that he would pose a threat to the community. (Doc. 6, Exhibit 4). It was recommended that he remain in custody and that his case be reviewed again in six (6) months. *Id.* The appropriate safeguards have been taken by INS with respect to the prolonged detention of the Petitioner.

Based upon the above, we respectfully recommend that the Petition for Writ of Habeas Corpus be denied.

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: **January 31, 2000**

4

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID KEBE,                          :        CIVIL NO. **1:CV-99-2026**
                                     :
      Petitioner,             :
                                     :        (Judge Kane)
    v.                          :
                                     :        (Magistrate Judge Blewitt)
                                     :
JANET RENO, et al.,                  :                FILED
                                     :              SCRANTON
      Respondents             :              NOV 0 7 2000

                                         PER
                              **NOTICE**                DEPUTY CLERK

    **NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **January 3/, 2000.**

    Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3,  which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within ten (10)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: January 31, 2000

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID KEBE,                              :          CIVIL NO. **1:CV-00-1883**
                                         :
          Petitioner,                    :
                                         :          (Judge Kane)
     v.                                  :
                                         :          (Magistrate Judge Blewitt)
                                         :
IMMIGRATION AND                          :
NATURALIZATION SERVICE,                  :
                                         :
          Respondent                     :

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **November** *1*, **2000.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: November 7, 2000

2

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

November 7, 2000

Re:  1:00-cv-01883    Kebe v. Immigration and Natu

True and correct copies of the attached were mailed by the clerk
to the following:

     David Kebe
     CTY-SNY
     Snyder County Jail
     9900080
     600 Old Colony Rd.
     Selinsgrove, PA  17870-8610

cc:
Judge                       (  )
Magistrate Judge            (  )
U.S. Marshal                (  )
Probation                   (  )
U.S. Attorney               (  )
Atty. for Deft.             (  )
Defendant                   (  )
Warden                      (  )
Bureau of Prisons           (  )
Ct Reporter                 (  )
Ctroom Deputy               (  )
Orig-Security               (  )
Federal Public Defender     (  )
Summons Issued              (  )  with N/C attached to complt. and served by:
                                  U.S. Marshal (  )    Pltf's Attorney (  )

Standard Order 93-5         (  )
Order to Show Cause         (  )  with Petition attached & mailed certified mail
                                  to:  US Atty Gen   (  )  PA Atty Gen (  )
                                       DA of County  (  )  Respondents (  )

Bankruptcy Court            (  )
Other_____     (  )

                                       MARY E. D'ANDREA, Clerk

DATE: _____11/7/00_____          BY: _____A mD_____
                                      Deputy Clerk