1 CK

④
11/16/
~

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**FILED**

**HARRISBURG**

DAVID KEBE
    Petitioner

NOV 15 2000

DOCKET: CV 00-1883

VS

MARY E. D'ANDREA CLERK

Per_____
DEPUTY CLERK

JUDGE: Kane

IMMIGRATION AND NATURALIZATION
    SERVICE

MAGISTRATE JUDGE: BLEWITT

## MOTION TO REVIEW THE MAGISTRATE JUDGE'S DETERMINATION PURSUANT TO RULE 72.3.

COME NOW, Petitioner David Kebe in the above at course of action file this Motion to review the Magistrate Judge report and recommendation again to the Petitioner of Writ Of Habeas Corpus Under 2241.

In support of this Motion, Petitioner states as follows:

Following the oral argument in the Third Circut, INS enacted interim rules which the NGO , court found to provide reasonable assurance of fair consideration of a Petitioner's application for Parole pending removal, " Id at 399, they included, inter alia: 1) written notice to the alien thirty days prior to the custody revie that maybe present information supporting a release. 5) the opportun for review by INS headquarters. 7) A refusal to presume continued detention based on criminal history.

Magistrate judge, recommended the Habeas Corpus be DENIED. the petitioner is scheduled for another review within six (6) months the appropriate safeguards continue to be taken by INS, with respect to the prolonged detention of petitioner.

### 1. ISSUE

Petitioner implore this honorable court to review Magistrate Judge recommandation with exhibits presented heretofore as evidence of the Immigration and Naturalization's failure to adide by the memorandum. Issused on August 6, 1999, that set the standards and procedure for DPO'S and District directors to follow in order to properly and fairly conduct the reviews of each case presented, and for this Honorable Court to determine what would warrant the INS to deny Petitioner release from INS custody, pending deportation as provided under 8 U.S.C. § 1231 (3), based solely in irreversible fac that are on Petitioner's criminal record, not only once but three times.

## 1. REVIEW

Petitioner custody was reviewed on October 22, 1999 and the petitioner recieve a written notification on January 27, 2000 which itself is blattant violation of the August 6, memorandum which points out in <u>section 7 </u>of page 3.

"WITHIN THIRTY DAYS OF THE DISTRICT DIRECTOR'S CUSTODY REVIEW, THE ALIEN MUST RECIEVE WRITTEN NOTIFICATION OF A CUSTODY DECISION."

( DOC 1 EXHIBIT C )

## 2. REVIEW

The review was scheduled for 3/2/00. On 4/28/00 again after 56 days the petitioner was served with a decision which does not even ha a signature of the district director whom has renderend the decision Preliminary decision ( DOC 1 EXHIBIT E ).Petitioner is still waiting for INS.HQ final decision. Please find Exhibit.A.........

## 3. REVIEW

On September 7, 2000 petitioner was served a notice to alien of file custody review. ( Alternate Review.)Owhich was scheduled for September 5, 2000, petitioner brought that facts to the DPO, Mr David O' Neill, that the notice is two days late and is being served without a Proof Of Service attenting to the date, to which it was being served. The tardiness of service by DPO prevented petitioner the chance to prepare and <u>submit the proper evidence in order to </u>demonstrate his eligibility for release. ( DOC 1 EXHIBIT F ).

On 10/13/2000 petitioner was denied for the third straight time for the same exact reasons, ( his criminal history ), it is clear that INS is in violation of the interim rules of procedures which state in section 6:

"THE FACT THAT THE ALIEN HAS A CRIMINAL HISTORY DOES NOT CREAT A PRESUMPTION IN FAVOR OF CONTINUED DETENTION."

Futhermore, petitioner would like to point out to this Honorabl Court the decision rendered by U.S. Court of Appealsfor the Third Circut in NGO V. INS, 192 F. 3d 390. ( 3rd cir 1999) Id. 399 (13) the court opined:

THAT COURT NOTED ITS DISSATISFACTION WITH EARLIER INS REVIEW PROCEDURES, RECITING CRITICISM THAT, DIRECTORS SIMPLY REL ON THE ALIENS PAST CRIMINAL HISTORY AND THE FACT THAT THEY WERE FACI REMOVAL FROM THE UNITED STATES, SUMMARILY CONCLUDING THAT THE ALIENS POSED SUCH RISKS AND DENYING THEM RELEASE. ID. WE AGREE THAT SUCH SUPERFICIAL REVIEW IS NOT SATISFACTORY AND DOES NOT AFFORD DUE PROCE

In that the Circuit Court clearly was startling do not want the INS to provide superficial reviews". or to " rubberstamp" denials of release, as it has been done in petitioner's case.

It is understandably clear that petitioner has a history of violence, however, INS reasons to deny him release bond, solely on those irreversible facts is clearly unwarranted.

Also petitioner would like to know what INS means by demonstrated by clear and convincing evidence that he would not present a threat to society and petitioner had not shown that he would not present a flight risk, petitioner has only a daughter and girlfriend in this country.

The appropriate safeguards continue to be been taken by INS with respect to prolonged detention of the petitioner. Petitioner alleges that due process is not satisified, presenting petitioner danger to the community at one point by committing crime does not place petitioner forever beyond redemption.

All these failures to review on time, and properly give decision notice prove that INS is not complying with their review process and the guidelines, which shows that the review is not object or rigorous and therefore, does not satisfy the due process described by NGO.

Again, this leads to conclude that in absence of due proces petitioner detention is unlawful and must end.

Petitioner serving only 30 days in prison sentence and in INS custody for 20 months.

## CONCLUSION

WHEREFORE, the petitioner respectfully requests that this Honorable Court, and the Honorable Judge Yvette Kane conduct a de novo review of this matter, reject the decision of the Magistrate Judge, report and recommendation, Rendered on November 7, 2000.

Respectfully, Submitted

_Kebe David_

David Kebe, Petitioner
600 Old Colony Road
Selinsgrove, Pa 17870.

_11 - 13 - 00_
Date

# IMMIGRATION COMMUNICATION FORM

**FROM:** _KEBE David_                        **A#** _A 75805_

**HOUSING ASSIGNMENT:** _B16_

**COMMUNICATION (WRITE LEGIBLY AND SUPPLY ALL RELEVANT DETAILS. YOUR FAILURE TO SPECIFICALLY STATE YOUR PROBLEM MAY RESULT IN NO ACTION BEING TAKEN.)**

Attention Mr. O'Neill.                                         ①

This is the third time my Review was deny by you.
Therefore, I am requesting a copy from the district director
decision that was send to INS Headquater in Washington for Review
and the decision for washington Headquater.
The 1st file Review I got the all decision Headquater decision from co...
the Second and Third Not.
Which I assume you have in your Possession.

**\*NOTE: ENSURE THAT ALIEN NUMBER (A#) IS ON ALL CORRESPONDENCE.**

**SIGNATURE** _Kebe David_        10.31.2000    Very Truly Yours.

---

**RESPONSE:**

**DATE:** _11-3-00_                **IMMIGRATION OFFICER:** _O'Neill_

---

MR. KEBE. ONLY THE Reviews in which there
is an interview are sent to HQ. Your 1st
and 3rd reviews do not go to INS Head
Quarters.

**SNYDER COUNTY PRISON COMMUNICATION FORM**

COMMFORM.DOC



U.S. Department of Justice
Immigration and Naturalization Service

HQOPS 50/14.6-C

Office of the Executive Associate Commissioner        *425 I Street NW*
                                                      *Washington, DC 20536*

AUG  6  1999

MEMORANDUM FOR  ALL REGIONAL DIRECTORS
                     DISTRICT DIRECTORS
                     OFFICERS IN CHARGE

FROM:        Michael A. Pearson
             Executive Associate Commissioner
             Office of Field Operations

SUBJECT:     Interim Changes and Instructions for Conduct of Post-order Custody Reviews

     This memorandum addresses several changes to current procedures regarding post-order
detention procedures for aliens whose immediate repatriation is not possible or practicable.[1]
Current regulations, 8 C.F.R. § 241.4, provide that the decision whether to detain or release such
an alien is made by the District Director. In the near future, the Service will begin the
rulemaking process to propose a program modeled after the Cuban Review Plan of 8 CFR
section 212.12 to address post-order custody cases. The custody of Mariel Cubans will continue
to be governed by 8 CFR 212.12. Until this more permanent program is implemented, several
changes are being made to the current procedures set forth in the memoranda of February 3, and
April 30, 1999. These changes are effective immediately. All offices will follow identical
procedures in conducting reviews of post-order custody cases, using the forms listed at the
conclusion of this memorandum. The forms will be distributed to all offices.

     The Attorney General and the Commissioner have agreed that these procedures, as
detailed below under the heading "Interim Procedures," will include written notice to the alien of
custody reviews. The notice will advise the alien that he may present information supporting a
release, and he may be assisted by an attorney or other person at no expense to the government.
The alien will receive an in-person interview at the first custody review following expiration of
the removal period. Thereafter, the alien will receive a separate notice of the opportunity for an
annual interview. The alien will be provided written reasons for INS custody decisions.

---

[1] See the memoranda from Michael Pearson, Executive Associate Commissioner for Field Operations, February 3,
1999: Detention Procedures for Aliens Whose Immediate Repatriation is Not Possible or Practicable, and April 30,
1999: Supplemental Detention Procedures.

EXHIBIT 22

MEMORANDUM FOR ALL REGIONAL DIRECTORS                             Page 2
DISTRICT DIRECTORS
OFFICERS IN CHARGE

SUBJECT:    Interim Changes and Instructions for Conduct of Post-order Custody Reviews

The District Director will continue to make custody determinations within the ninety-day removal period under the memoranda of February 3, and April 30, 1999. The next scheduled review shall be nine months from the date of the final administrative order of removal or six months after the last review, whichever is later. That review will include an interview and is subject to review at INS Headquarters if the District Director has determined that the alien should remain in custody. Thereafter, reviews will be conducted at six-month intervals, alternating between a file review by the District Director (without an interview unless the District Director, in his discretion, determines that one would be useful, and without Headquarters review), and a review with the opportunity for an interview at the alien's request and with Headquarters review.

No case subject to a Headquarters review will be considered a final custody decision until the District level decision has been ratified through the Headquarters review or resolved after referral back to the District. If the Headquarters reviewer concludes that the District Director should reconsider his decision or that further documentation is required to support the District Director's decision, the case shall be forwarded to the Regional Office with a cover memorandum and instructions to refer the case back to the District for further consideration or documentation. The Headquarters reviewer shall detail the issues that resulted in the referral and forward the case to the Regional Office.

Regional Directors are responsible for working with the District Director to comply with the Headquarters instructions on referrals. In addition, the Regional Director is responsible for preparation of statistics on the custody reviews conducted in each district.

## INTERIM PROCEDURES

(1) Pursuant to the provisions of 8 C.F.R. § 241.4, the District Director will continue to conduct a custody review of administratively final order removal cases before the ninety-day removal period mandated by § 241(a)(1) expires for aliens whose departure cannot be effected within the removal period.

(2) These procedures apply to any alien ordered removed who is inadmissible under § 212, removable under 237(a)(1)(C), 237(a)(2), or 237(a)(4) or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal. They cover aliens convicted of an aggravated felony offense who are subject to the provisions of old INA § 236(e)(1) – (3), and non-aggravated felon aliens with final orders of exclusion. Mariel Cubans are excluded from these procedures as parole reviews for them are governed by 8 C.F.R. § 212.12. The ninety-day review will be conducted pursuant to the instructions set out in the memoranda of February 3 and April 30, 1999. District Directors may, in their discretion, interview the alien if they believe that an interview would facilitate the custody review.

MEMORANDUM FOR ALL REGIONAL DIRECTORS                    Page 3
                DISTRICT DIRECTORS
                OFFICERS IN CHARGE

SUBJECT:    Interim Changes and Instructions for Conduct of Post-order Custody Reviews

(3)  Following expiration of the ninety-day removal period, the next scheduled review
     provided by the District Director shall be nine months from the date of the final
     administrative order of removal or six months after the last review, whichever is
     later. Written notice shall be given to each alien at least 30 days prior to the date of
     the review. The notice will be provided either by personal service or certified
     mail/return receipt. The notice shall specify the factors to be considered and explain
     that the alien will be provided the opportunity to demonstrate by clear and
     convincing evidence that he is not a threat to the community and is likely to comply
     with the removal order.

(4)  For the review discussed in paragraph 3 above, an interview is mandatory and the
     District Director's preliminary decision will be subject to Headquarters review.
     Thereafter, custody reviews will be conducted every six months, alternating between
     District Director file reviews and a review that includes the opportunity for an
     interview at the alien's request and a Headquarters review of detention decisions. A
     separate notice will advise the alien of the opportunity for the interview. The alien
     may check the appropriate box on the notice, returning the form provided within 14
     calendar days so that an interview may be scheduled. The District Director has the
     discretion to schedule further interviews if he determines they would assist him in
     reaching a custody determination.

(5)  The alien must be advised that he may submit any information relevant to support
     his request for release from detention, either in writing, electronically, by U.S. mail
     (or any combination thereof), or in person if an interview is conducted. The alien
     must also be advised that he may be represented by an attorney, or other person at no
     expense to the government. If an interview has been scheduled, the alien's
     representative may attend the review at the scheduled time.

(6)  The District Director may delegate custody decisions to the level of the Assistant
     District Director, Deputy Assistant District Director, or those acting in their capacity.
     Custody determinations will be made by weighing favorable and adverse factors to
     determine whether the detainee has demonstrated by clear and convincing evidence
     that he does not pose a threat to the community, and is likely to comply with the
     removal order. See 8 C.F.R. § 241.4. The alien's past failure to cooperate in
     obtaining a travel document shall be considered an adverse factor in determining
     eligibility for release. See INA § 241(a)(1)(C) Suspension of Period. The fact that
     the alien has a criminal history does not create a presumption in favor of continued
     detention.

(7)  Within thirty days of the District Director's custody review, the alien must receive
     written notification of a custody decision. All notification will be provided either by
     personal service or certified mail/return receipt. A decision to release should specify
     the conditions of release. A decision to detain will clearly delineate the factors
     presented by the alien in support of his release, and the reasons for the District
     Director's decision.

MEMORANDUM FOR ALL REGIONAL DIRECTORS
DISTRICT DIRECTORS
OFFICERS IN CHARGE

SUBJECT:    Interim Changes and Instructions for Conduct of Post-order Custody Reviews

(8)  With respect to those detain decisions that are subject to Headquarters review under paragraph 4, the District Director's determination that the alien should be detained is to be regarded as only preliminary. In those instances, the Regional Directors will forward the preliminary detain decisions to Headquarters for review. Headquarters review will be conducted by Operations and Programs representatives (with assistance from the Office of General Counsel as necessary). Where the Headquarters reviewer's decision concurs with the District Director's, the Headquarters reviewer will write a supporting statement and will seek concurrence from a second Headquarters reviewer. Where the two reviewers differ, a panel of three Headquarters reviewers will conduct a further review of the case. The Headquarters panel may ratify the District Director's decision, return the case to the District Director to reconsider his decision, or determine that additional information is required to make a decision. The Headquarters review must be completed within thirty days of file receipt. The Headquarters review conclusions will be forwarded to the Regional Director for distribution to and appropriate action by the District Director.

(9)  The District Director will review his decision in light of the Headquarters recommendations and will notify the alien of the final custody determination within thirty days of completion of the Headquarters review.

(10) The District Director should make every effort to effect the alien's removal both before and after expiration of the removal period. All steps to secure travel documents must be fully documented in the alien's file. However, if the District Director is unable to secure travel documents locally after making diligent efforts to do so, then the case shall be referred to Headquarters OPS/DDP for assistance. More detailed instructions will be issued from the Executive Associate Commissioner for Operations by separate memorandum.

(11) On August 30, 1999, and on the last workday of each quarter (September, December, March, June) each district shall submit a custody review status report to its Regional office and to Headquarters. There will be more detailed instructions issued on reporting procedures at a later time.

## FORMS   [to be distributed]

(a) Notice to Alien
(b) Notice of Interview
(c) Detained Alien Custody Review Worksheet
(d) Decision of Custody Review
(e) Decision to Continue Detention
(f) Decision to Release
(g) Custody Review Status Report