# ORIGINAL

United States District Court
Middle District Of Pennsylvania

FILED
HARRISBURG, P

MAR 2 3 2001

MARY E. D'ANDREA, C
Per _____
Deputy Clerk

|   |   |   |
|---|---|---|
| David Kebe, | : | No. 1:CV-00-1883 |
| Petitioner, | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | (Magistrate Judge Blewitt) |
| Immigration and | : | |
| Naturalization Service, | : | |
| Respondents. | : | |

## Motion For Partial Summary Judgement

Petitioner pro se persons and respectfully submits this motion.

Petitioner urges this Honorable Court to construe this motion liberally and cure all procedural errors as adjudged by the United States Supreme Court to States and Federal Court in **Haines v. Kerner, 404 U.S. 519, 520 (1972).**

The petitioner, David Kebe, is filing this Motion For Partial Summary Judgement, and is seeking relief from the unconstitutional detention mandated by the Immigration and Naturalization Service, hereinafter  I.N.S.

The petitioner is filing this partial summary judgement with regards to, and pursuant to Federal Rules of Civil Procedure, Rule 56(e), which states when a motion for summary judgement is made and supported as provided  in this rule, and adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the

1

adverse party does not respond, summary judgement, shall be entered against the adverse party.

The petitioner would like to have this Honorable Court consider the allegations being made by the I.N.S. in regards to his violent history, in which is the sole basis for their denial of release of the petitioner.

The I.N.S. merely states the "Petitioner's violent history", which is quoted in the Report and Recommendation by this Honorable Court, dated November 7, 2000, and this quote is being relied merely on it's presenting statement, and no supporting documentation that shows actual violence. The I.N.S. has a prior record that shows some simple assualts, but this Honorable Court must use some discretion in determining whether those simple assualts had any violence in the cases. This Honorable Court could easily make a logical assumption by looking at the amount of time served in the cases.

It has always been seen in **ALL** Court cases where there is an actual violent attempt to harm someone, or actual violence, the person inflicting such abuse has always received prison sentences of substantial time. i.e. Someone who actualy fights with another person and inflicts bodily harm will receive at least 6 months the first time, second time maybe 2 years, and a third time usually 5 years. Not anything close to what the petitioner has received for his simple assualts, which are actually arguments, classified as simple assualts. Any layman can understand this point with taking a close look at his sentences, of 2 days the first time, 7 days the second time, and 30 days the third time. **Anyone** would

2

make the simple determination that an actual violent crime was
not committed, because no one could actual commit an act violence
and only receive a sentence of 2 days, then 7 days the second time,
and 30 days a third time.  Yes the petitioner has had arguments
with individuals, and one time someone was pushed, but only in
the manner that a Second Grade School Child would push another
child, and could this Honorable Court say that when a Second
Grade School Child pushes another Second Grade School Child, could
the Courts say this is an act of violence that should deprive that
child of his Constitutional Rights !   Obviously that would be
absurd for such a determination, and such determination by the
I.N.S. is an absurd determination to say that the petitioner is
a violent person based on serving only a maximum of 30 days in
a prison for the last simple assualt case.

   No reasonable person would say that serving 30 days in prison
would constitute a violent criminal history.

   A violent criminal history should be given when individuals
serve time well beyond the time served by the petitioner.  If the
petitioner would have served a year or two, then maybe logically
this Honorable Court could assume that he is violent, but **NO ONE**
should make such an assumption of violence when only serving a
maximum of 30 days,  And the fact that anyone would say that a
30 day sentence would constitute a violent history, can not
possibly being taking a practical approach to applying such laws.

   Futhermore, the petitioner is praying that this Honorable
Court will apply some discretion in determining whether or not
the petitioner is violent, just as it did when applying the

3

facts asserted from the I.N.S., when the I.N.S. stated the petitioner was violent, and the courts adopted such allegations, that same application should be applied to see that the paetitioner is not a violent person.

More importantly than the excuses of why the petitioner has been denied, should be the fact of why the petitioner was originally incarcerated by the I.N.S. inwhich the petitioner was incarcerated for Not paying a subway toll, in N.Y.C., and the petitioner jumped over the turn stile, where he should have paid $1.50. How can I.N.S. or this Honorable Court say that a person should be deprived of his Constitutional Rights for 2 years for not paying $1.50 for a subway toll. The petitioner has been detained by I.N.S. for almost 2 years, and the sole reason for his original detention was for not paying the $1.50 subway toll. And in fact the crime of not paying the $1.50 subway toll only constituted the petitioner being detained in N.Y.C. for 72 hours, so how could the I.N.S. or this Honorable Court say that a crime that constituted serving 72 hours, should now constitute an I.N.S. detention of 2 years, and with no end in sight to the petitioners unconstitutional detention.

Therefore, if the petitioner's only crimes were for serving prison terms of 2 days, 7 days, 30 days, and then 72 hours for the $1.50 subway toll, this Honorable Court can not interpret any laws, and come to the conclusion that the petitioner would be a danger to society, without serving any serious time for such erronious allegations of violence.

4

The last area that can possibly be argued by the I.N.S. or this Honorable Court is the statement of "lack of family ties". This Honorable Court can clearly understand that most immigrants are not going to have many family ties, and at some point all ancestors were immigrants, and lacked family ties. But more importantly, this Honorable Court must understand thatthe longer it keeps an individual from the free world, that his ties to the community become farther apart than if he was released from custody.

Therefore, if the I.N.S. or this Honorable Court wishes to detain the petitioner merely on the fact that he lacks family ties to the community, that would be the worst justice of all, because someone should not be incarcerated for simply not having a family to go home to, when the petitioner only wishes to go out and change his life, and start a family, and is now being deprived of such Constitutional Rights.

Wherefore, for the foregoing reasons the petitioner prays this Honorable Court will grant him relief immediately, for the lack of valid reasons to continue the unconstitutional detention would deprive the petitioner of his rights otherwise, and the petitioner prays for such relief by this Honorable Court.

Dated March 20, 2001.

Respectfully submitted,

*KEBE DAVID*

David Kebe
Snyder County Prison
600 Old Colony Road
Selinsgrove, Pa  17870

5

## Certificate of Service

On this 20th day of MArch 2001, a copy of this motion was mailed to; U.S. District Court, Clerk of Courts, 228 Walnut Street, Harrisburg, Pa 17108;  I.N.S., 1600 Callowhill street, Philadelphia, Pa  19130.

**United States District Court**
**Middle District Of Pennsylvania**

---

David Kebe,
     Petitioner,

       v.

Immigration and
Naturalization Service,
     Respondents.

---

No. 1:CV–00–1883

(Judge Kane)

(Magistrate Judge Blewitt)

## Brief In Support Of Motion
## For Partial Summary Judgement

Petitioner pro se persons and respectfully submits this brief.

Petitioner urges this Honorable Court to construe this brief liberally and cure all procedural errors as adjudged by the United States Supreme Court to States and Federal Court in **Haines v. Kerner, 404 U.S. 519, 520 (1972).**

The petitioner, David Kebe, is filing this brief in support of the Motion For Partial Summary Judgement.  And such said brief is in support of the Motion that is seeking for this Honorable Court to grant the petitioner relief due to the erronious beliefs by the I.N.S. that have presented a false pretense to this Honorable Court by stating that the petitioner is a violent person.

### Statement of the case

The petitioner filed a habeas corpus pursuant to 28 U.S.C. § 2241 seeking relief from the mandatory detention provision of

1

INA § 236(c), which is a violation of his constitutional rights to due process protection under the law as protected by the Fifth Amendment of the United States Constitution.

On November 7, 2000, the Honorable Magistrate Judge Blewitt filed a Report and Recommendation, for the Wirt of habeas corpus to be denied in the above-captioned, and this recommendation was filed subject to a summary dismissal pursuant to Rule 4 of the Rules Governing Section 28 U.S.C. § 2254.

### Question Presented

Should this Honorable Court dismiss the petition pursuant to Rule 4, regarding a preliminary judgement, by the Judge ? The petitioner responds firmly....NO.

### Argument

According to Rule 4, of Rules Governing Section 28 U.S.C. § 2254, which clearly states that the Rule 4 is in reference to dismissing a petition only before an answer by the Respondent, so the court must have made a preliminary decision on the face of the petition alone, not after gathering information from the I.N.S. or through the U.S. Attorney's Office.  And it is clear that information was obtained before the Report and Recommendation, because the Honoarble Magistrate Judge Blewitt refers to several exihibits regarding the petitioners case with the I.N.S., with regards to why he was denied release from custody of the I.N.S.

---

[1] Rule 4.  Preliminary Consideration by Judge.  The original petition shall be presented promptly.... If it plainly appears from the face of the petition.... that the petitioner is not entitled to relief in the district court, the judge shall order for its summary dismissal.... Otherwise order the respondent to file an answer.

Therefore, having the information before making the Report and Recommendation, clearly is in violation of Rule 4, because the dismissal is to be made on it's face and not from other information.

## Question Presented

Should this Honorable Court view the petitioner's past criminal history of simple assualt's as violent ?

The petitioner responds frimly....NO.

## Argument

The allegations by the I.N.S., that the petitioner is violent, because of his past criminal hsitory, has been adopted by this Honorable Court, because of those exact words being duplicated in the Report and Recommendation by the Magistrate Judge Blewitt, that the petitioner is violent according to his past criminal history with regards to simple assualt's on the petitioner's record.

Unfortunately, the I.N.S. has taken the simple assualt's out of context, and has not actually viewed the cases of simple assualt, because no one could make the determination that the petitioner is violent.  The petitioner can only request that this Honorable Court will use some discretion and make the appropriate approach to view the issue of whether or not the cases were violent.

The simple assualt charges were merely arguments, but filed by the police officials as simple assualt's, and this can easily be understood by the amount of time given in the cases.

On the first case, the petitioner received time served of 2 days, and the second time, he received time served of 7 days, and then the third time of 30 days, but regardless, this is not any crime  of violence when a person is sentenced to only 30 days

3

on the third offense of a crime of "violence".   This Honorable
Court must use some common sense and make the appropriate
determinaion that whether this person is violent based upon
the amount of time served in a case.  The appropriate judge at
the time, sentenced the petitioner to the amount of time that
fitted the crime, not that any judge would be forgiving, especially
three different times, and that fact alone would be highly unlikely.

Futhermore, this Honorable Court would not be able to construe
that the petitioner is a violent person from the fact that he
served 30 days incarceration on his third offense for a crime.

In most cases, where a person receives 30 days for committing
a crime three different times, it is usually the type of crimes
such as jay walking, or disorderly conduct, etc., but **NO** crime
of violence would be given 30 days on the third offense.

Which can only **LOGICALLY** conclude to any layman, that the
petitioner did not have any actual violence in his criminal past.

### Question Presented

Should the petitioner be held in an unconstitutional detention
because he does not have the appropriate family ties ?
The petitioner firmly responds....NO.

### Argument

Of course no agency of this Federal Government can hold a
person in detention because they lack the family ties, when the
petitioner wishes to go into this world and start his family, as
in past history all immigrants came to this Country and started
their family, in which those same people are the ancestors of
all the people in this Country, even the people reading this

4

brief have family members or ancestors that came to this Country and started a family without having the appropriate family ties.

Therefore, this Honorable Court can not condem their own ancestors for what they did, and then turn and condem the petitioner for trying to accomplish the same things as all people, start a family.

### Question Presented

Should the petitioner be detained for jumping a turn stile, in a N.Y.C. subway, and not paying the $1.50 toll, for ever ? Obviously, the petitioner responds firmly....NO.

### Argument

Almost 2 years ago the petitioner did jump a turn stile in a N.Y.C. subway, and tried not to pay the $1.50 toll for the subway, and was brought to jail for 72 hours for such crime, and was turned over to the I.N.S. upon his release from the crime of not paying for the $1.50 subway toll.

So regardless of how or why the I.N.S. says they have in custody the petitioner, it is 100% accurate to say only for the crime of not paying the $1.50 subway toll. Regardless of the I.N.S.'s attempt to say the petitioner is violent, they are only holding the petitione after he committed the crime of not paying for the $1.50 subway toll.

The I.N.S. can put the information in front of this Honorable Court however it may see necessary to paint a false pretense of the truth, which is the fact that the petitioner is being detained because he did not pay the $1.50 subway toll, because if the petitioner did not commit the crime, of not paying the $1.50 subway toll

toll, he would and could not be detained today for such erroniuos allegations by the I.N.S., and that is a fact !

## Question Presented

Should the petitioner be detained by the I.N.S. even if this Honorable Court "could" construe his past actions as violent ? The response by the petitioner is frimly....NO.

## Argument

The petitioner being detained by the I.N.S. for his past actions even though they are not violent, would be a Constitutional violatio of the petitioners rights, because he would not be protected by the Fifth Amendment to the Constitution of the United States of America.

Futhermore, the petitioner served his time for his crime, and can not be punished twice, as that would clearly be double jeopardy, and again would violate the petitioners Constitutional Rights.

This Honorable Court must take a stand at some point in this case and stop such issues of false pretenses being supplied by the I.N.S., and stop such unconstitutional detention.

Wherefore, for the foregoing reasons, the petitioner prays this Honorable Court will grant him the relief as necessary to stop violating his Constitutional Rights, and grant him relief immediatel by granting his release from such unconstitutional detention, and understanding that anything other than an immediate relief by this Honorable Court would be unconstitutional, for not paying a $1.50 subway toll, which is sole basis for the incarceration.

Dated March 20, 2001.

                                 Respectfully submitted,

                                 *KEBE DAVID*

                                 David Kebe
                                 Snyder County Prison
                                 600 Old Colony Road
                                 Selinsgrove, Pa  17870

## Certificate of Service

    On this 20th day of March 2001, a copy of this brief was mailed to; U.S. District Court, Clerk of Courts, 228 Walnut Street, Harrisburg, Pa 17108;  I.N.S., 1600 Callowhill Street, Philadelphia, Pa 19130.

**Addendum**

This is a letter in support of the rehabilitation efforts.



# SNYDER COUNTY PRISON
## 600 OLD COLONY RD.
## SELINSGROVE, PA   17870
PHONE: (570) 374-7912

FAX : (570) 374-7921

GEORGE C. NYE
WARDEN

RUTH RUSH
DEPUTY WARDEN

LARRY E. WOMER
DEPUTY WARDEN

DATE:  March 20, 2001

TO:  Whom It May Concern

FM:  George C. Nye. Warden

RE:    Kebe, David

Frequently. INS inmates housed at this facility request a recommendation from staff to be used by the inmate for purposes of deportation hearings and proceedings.

It is the policy of the Snyder County Prison to refrain from preparing "letters of recommendation" unless the INS makes such a request.  However, in lieu of a letter of recommendation, the Warden of the Snyder County Prison does prepare a "letter of facts" for an inmate's use.

This letter of facts has been prepared at the request of the above named inmate and covers the following items.  This letter *is not* to be perceived as a recommendation of any kind.

DATE OF COMMITMENT TO THE SNYDER COUNTY PRISON:    2/12/99

CONDUCT RECORD:  (If no infraction reports have been noted, indicate "clear" conduct.)  (If an inmate has not maintained "clear" conduct. indicate the date of the infraction. the nature of the infraction, and the disposition of the infraction by the Discipline Hearing Committee.)

   Clear

WORK ASSIGNMENTS:

   Library trustee

PROGRAM PARTICIPATION:  (Include all educational programs as well as drug abuse classes, etc.)

```
GED
Arts & Crafts
Stress & Anger Management  (All in Year 2000)
```

OTHER NOTEWORTHY ITEMS:   None

OVERALL GENERAL ADJUSTMENT WHILE CONFINED:   Good

**Addendum**

This is a letter in support of the rehabilitation efforts.

Review Panel
Immigration & Naturalization Service


Re: <u>David Kebe A75-805-834</u>

Dear Sirs:

     I am writing this letter for your consideration in
my upcoming review. Additionally, I have attached copies of letters
from shelters that have offered to house me in the event I am
released.

     I want the panel to know that I am remorseful of the
crimes I committed, and I ask that I should be given a second chance
to prove myself to society. I promise that I will obey the laws and
any conditions placed on my supervision.

     I also want the panel to know that while in detention
I participated in various programs including G.E.D., Stress and
Anger Management, Long Distance Dad, Arts & Crafts, and was a
trustee. I ask that this factors should be taken in consideration
in the review.


Sincerely,


David Kebe

02 - 28 - 01



**SOCIAL SERVICES
CORPORATION**

January3 , 2001

To whom it may concern.

This letter is to certify that Mr. David Kebe was a client
In Grand Central Neighborhood Social Services
Corporation adult Drop-in-Center in1999.
Mr. David Kebe is free to return to this center, he will be  assist
With emergency shelter ,counseling, Food, and Social and Medical
Services.

Feel free to call me at (212) 8181220 ext.11

Thank You.

Cisse  Mamadou
Director of Operations

JANUARY 12, 2001

DEAR MR. KEBE,

    PER YOUR REQUEST I HAVE LOCATED THE FOLLOWING INFORMATION FOR YOU:

BELLEVUE'S MEN 'S SHELTER
4OO E. 30TH ST. & 1ST AVE.
MANHATTAN, N.Y.
(212) 481-4270
CONTACT PERSON- MR. MICHIULIS

I  SPOKE TO MR. MICHIULIS ON THE TELEPHONE  AND HE TOLD ME THAT ALL YOU NEED
TO DO IS APPEAR AT THEIR DOOR AND THEY WILL PROVIDE YOU WITH A PLACE TO STAY.
HE SAID THAT YOU WILL BE INTERVIEWED AND CLASSIFIED ACCORDING TO YOUR
NEEDS AND THEY WILL ASSIGN YOU TO THE APPROPRIATE SHELTER AND ASSIST YOU IN
FINDING A JOB.

IF YOU NEED FURTHER ASSISTANCE I WILL BE HAPPY TO HELP YOU.  GOOD LUCK.

SINCERELY,
DEBRA MANNEY
COUNSELOR
SNYDER COUNTY PRISON

David Kebe<br>A75-805-834

David O'Neil:

     This answer addresses your response to my immigration communication form. I have no document proof of citizenship of Sudan, because they were all destroyed, however, I can provide you with valuable information about my roots to Sudan.

     My father's name is Osman Kebe, from the town of Al-Ubayyid in the province of Kordufan, the second largest city in Sudan. My mother's name is Fatu Dia, and she is from Khartoum, the capital city of Sudan.

     My father's was a Colonel in the Sudanese Army before independence of Sudan. He left the Army in 1967 to France where I was born, and we lived in France from 1967 to 1987. In 1987 my father was granted amnesty by Prime Minister Sadik el Mady, and he returned to Sudan in 1987 and later died in 1989.
I hope you find this information useful.

If you need to verify that my documents are missing please contact MR. LOPEZ at 212-369-8900 (War . Island Kheener building. Second floor

02-28-01

David Kebe

# IMMIGRATION COMMUNICATION FORM

**FROM:** _KEBE DAVID_   A# _A752058_

**HOUSING ASSIGNMENT:** _B_

**COMMUNICATION  (WRITE LEGIBLY AND SUPPLY ALL RELEVANT DETAILS.  YOUR FAILURE TO SPECIFICALLY STATE YOUR PROBLEM MAY RESULT IN NO ACTION BEING TAKEN.)**

DEAR O'NEIL,

I would like to be deported to Soudan, my
Native Family country. I came into the U.S.A
with U.N.C.H.R - Passport for Soudan issue in Paris,
France. If I could'nt be deported to France,
PLEASE, I would like to be deported to Soud

**\*NOTE:  ENSURE THAT ALIEN NUMBER (A#) IS ON ALL CORRESPONDENCE.**

**SIGNATURE** _12 - 12 - 00_   _Kell_

**RESPONSE:**

**DATE:** _2-15-01_   **IMMIGRATION OFFICER:** _O'NEILL_

Please supply some proof of citizenship
to SUDAN

**SNYDER COUNTY PRISON COMMUNICATION FORM**

COMMFORM.DOC

Dated March 19, 2001
Re: A75-805-834

**Please put this letter on file.**

U.S. District Court
Clerk of Courts
228 Walnut Street
Harrisburg, Pa  17108

Clerk of Courts,
 I am writing inregards to my current I.N.S. detention.
I am going to make one last plea to the I.N.S., and I hope that
someone will listen before I have to take futher legal actions
against the I.N.S., for their lack response, and denial of
Constitutional Rights by violating my due process protection.

 On October 13, 2000, I filed an appeal with the I.N.S., but
the B.I.A. has no record of my appeal, according to the appeal
that is listed in Exhibit #A.

 As you can see in the attached copy of Exhibit #B, the  I.N.S.
had definitely received the appeal, but still no response.

 Also according to my letter, that I sent the B.I.A., on
December 12, 2000, I had requested that I receive the status of
my appeal.    On December 20, 2000, the B.I.A., in a letter,
stated they have no record of my appeal, as you can see from
the attached copy of the Exhibit #C.

 On December 27, 2000, I plead to Charles Zemski, District
Director of I.N.S. to the fact that his office failed to submit
my appeal, and again there has been no response.    You can also
see from the attached copy of the Exhibit #D, the letter to
Charles Zemski, but still to no avail.

 On February 13, 2001, a letter was sent to J.Scott Blackman,
Regional Director, regarding all of the noncompliance of responses,
and still no one has contacted me, nor have they submitted the
appeal, which is matter of law, as seen in the attached copy
of the Exhibit #E.

 I would hope that someone will take the time and use a common
sense approach and handle this matter as soon as possible.

 I look forward to hearing from you soon.

       Respectfully,

       KEBE DAVID

       David Kebe A75-805-834
       Snyder County Prison
       600 Old Colony Road
       Selinsgrove, Pa  17870

cc: Ted Normark
  Charles Zemski
  J.Scott Blackman
  BIA

**Exhibit #A**

**NOTICE OF APPEAL TO THE BOARD OF IMMIGRATION APPEALS**
**OF DECISION OF DISTRICT DIRECTOR**

In the Matter: DAVID KEBE

Fee Stamp

File Number:  A 75 — 805 — 834

1.  I hereby appeal to the Board of Immigration Appeals from the decision of the District Director.
    ___PHILADELPHIA___ District, dated _10/13/00_ , in the above entitle

2.  Specify reasons for this appeal and continue on separate sheets if necessary. If the factual or legal basis for the
    is not sufficiently described the appeal may be summarily dismissed. The legal basis
    to this appeal is as follows: The decision rendered on
    10/13/00 is violative of the standards set forth by the
    Memorandum issued on August 6, 1999 to all District Directors, a
    pursuant to the interim rules of procedures described in **Ngo
    v. INS**, 192 F3d. 390 (3rd. Cir. 1999). ( For further elaboration
    of appellant's argument please see attached brief.)

3.  I ☐ do ☑ do not desire oral argument before the Board of Immigration Appeals in Falls Church, Virgin

4.  I ☑ am ☐ am not _filing a separate written brief or statement._

Signature of Appellant
_(or attorney or representative)_

David Kebe
_(print or type name)_

_10/13/00_
     _Date_

600 Old Colony Rd
Selinsgrove, PA 17870

Address _(number, street, city, state, Zip code)_

Exhibit #B

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

U.S. Dept. of Justice
Immigration and Naturalization Service
Record of Proceding
1600 Callowhill St.
Philadelphia, PA 19130

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly) | B. Date of Delivery

C. Signature
X _Idanel_
☐ Agent
☐ Addressee

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered    ☒ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number (Copy from service label)

7099 3400 0003 0759 6504

PS Form 3811, July 1999          Domestic Return Receipt          102595-99-M-1789

Exhibit #C

David KEBE
# 99-00-080
Snyder County Prison
600 Old Colony Rd
Selinsgrove, PA 17870

Tuesday 12 December 2000

Board of Immigration Appeals
5201 Leesburg Pike, Suite # 1300
Falls Church, VA 22041

Ref : A75-805-834

Dear sir/Madame,

This letter is an inquiring to find out the status of my
appeal which was sent to this office. See copy of such notice of
appeal. According to regulation, the appeal must be forward to the
BIA by the INS office having jurisdiction of the file. I have not
received any response to such appeal from the BIA. Thus, I am writing
to verify the status of such appeal.

Sincerely,

David. KEBE
600 Old Colony Rd
Selinsgrove, PA 17870
A75 805 834



**U.S. Department of Justice**
Executive Office for Immigration Review
Board of Immigration Appeals, Office of the Clerk
P.O. Box 8530
5201 Leesburg Pike, Suite 1300
Falls Church, Virginia 22041

December 20, 2000

David Kebe, #99-00-080
Snyder County Prison
600 Old Colony Road
Selinsgrove, PA 17870

Re:    David Kebe
       A75 805 834

Dear Mr. Kebe:

The Board of Immigration Appeals shows no record that this case, as referenced above, is pending before it.  Please check with the Immigration and Naturalization Service office in Philadelphia where the appeal was filed to determine the status and location of your appeal.  Your letter and enclosures are returned to you herewith.

Sincerely,

Barbara A. Rivers

Appeals Support Unit

bar

Enclosure

**Exhibit #D**

David Kebe
99-00-080
Snyder County Prison
600 Old Colony Road
Selinsgrove, PA 17870

December 27, 2000

Charles Zemski
District Director
Immigration & Naturalization Service
1600 Callowhill Street
Philadelphia, PA 19130

REF: A 75-805-834

Dear District Director:

On October 13, 2000 I filed a Notice of Appeal (FORM
EOIR-29), appealing the decision of the denial of my release.
By regulation your office is mandated to forward such appeal notice
to the Board of Immigration Appeals. I contacted the BIA recently
inquiring about the status of my appeal, however, it was brought to
my attention that your office failed to submit my appeal with the
Board of Immigration Appeals. See attached letter from the BIA.

Precedent shows that the BIA has jurisdiction to review
a district directors denial of release. See Matter of Saelee,
Interim Decision 3427 (BIA February 25, 1999) [ The Board of
Immigration Appeals has jurisdiction over an appeal from a district
director's denial of custody review].

Under this circumstances it is requested that you
forward my appeal to the Board of Immigration Appeals as mandated
by regulation to allow the BIA review my appeal.

Sincerely,

David Kebe

cc: Regional Director, INS

**Exhibit #E**

David Kebe
99-00-080
Snyder County Prison
600 Old Colony Road
Selinsgrove, PA 17870

February 13, 2001

J. Scott Blackman
Regional Director
I.N.S.
70 Kimball Avenue
S. Burlington, Vt 05403

                    Ref: A75-805-834

Dear Mr. Blackman:

        A few weeks ago I sent you a copy of my letter addressed
to the District Director, Philadelphia Office. <u>See attached</u>.
However, I have received no response about my inquiry, thus, I am
writing for your intervention.

        Pursuant to <u>Matter of Saelee</u>, Interim Decision 3427
(BIA 2000), I appealed the decision of the district director's
denial of my custody review, however, the District office have
failed to forward my appeal to the Board of Immigration Appeals.
I am therefore writing for your intervention in this regard to
instruct the District Office to submit my appeal to the Board.
Thank you for your cooperation.

                                Sincerely,

                                David Kebe