# ORIGINAL

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

DAVID KEBE,                        :

     Petitioner            :

                       :

   v.                              :          CIVIL ACTION NO. 1:CV-00-1883

                       :              (JUDGE KANE)

IMMIGRATION AND                   :

NATURALIZATION SERVICE,           :

     Respondent            :

FILED

AUG 0 2 2001

PER _____

HARRISBURG, PA!    DEPUTY CLE

### MOTION FOR RELIEF FROM JUDGMENT
### PURSUANT TO CIVIL RULE 60

    Now comes Petitioner, pro se, and respectfully ask this honorable court to entertain this motion pursuant to civil rule 60(b)(2) or (6).

    Petitioner further ask this honorable court to apply the standars in **Haines v. Kerner**, 404 U.S. 519 (1972) in regards to pro se petitions, and cure any procedural error.

### LEGAL FACTS

Rule 60(b) of the Federal Civil Procedures provides in part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, ... ; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ... ; (4) the judgment is void; (5) the judgment has ... ; (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. ...

The order for which Petitioner is requesting relieve is the
denial of his habeas corpus petition. The MEMORANDUM and order
was filed on May 23, 2001 in this honorable court. (Exhibit A).

The new discovered evidence are the recent rulings of the
Supreme Court, **Zadvydas v. Davis**, 533 U.S.____, 121 S. Ct. 2491,
2001 WL 720662 (June 28, 2001) and **INS v. St. Cyr**,___ U.S.___,
2001 WL 703922 (U.S. June 21, 2001), which directly affects this
Petitioner's case.

## ARGUMENT

Civil Rule 60 motions may be based on the grounds, and must be
filed within the time periods. **See United States v. Clark**, 984 F.
2d 31, 34 (2d Cir. 1993) (motion for reconsideration of denial of
section 2255 motion, filed more than 10 days after denial of section
2255 motion, could be filed pursuant to Rule 60(b)).

Petitioner's motion is based on the grounds of new discovered
evidence and is being filed within the time period, 1 year, from
the court order of May 23, 2001.

Petitioner's base for relief is the close relationship between
his case and  the case decided by the Supreme Court **Zadvydas v.
Davis**, 533 U.S.____, 121 S. Ct. 2491, 2001 WL 720662 (June 28,
2001). The Supreme Court decision modified **Ngo v. INS**, 192 F.
3d 390, 392, 394-98 (3d Cir. 1999) which this court used as basis
for the denial. **See Mohammed v. Sullivan**, 866 F. 2d 258, 260
(8th Cir. 1989) (Rule 60(b) is ""'properly invoked where there
are extraordinary circumstances, or where the judgment may work
an extreme and undue hardship," and "should be liberally cons-
true when substantial justice will be served""'; "'postjudgment
change in the law having retroactive application may, in special
circumstances, constitute an extraordinary circumstance warran-
ting vacation of judgment'"); **Ritter v. Smith**, 811 F.2d 1398,
1401-03 (11th cir. 1987 (relief granted based on supervening
change in law).

<u>Indefinite detention of removable aliens for long periods, of</u>
<u>more than six months, is not authorized by Congress and was found</u>
<u>unconstitutional by the Supreme Court</u>.

The Supreme Court reasoned:

> "The post-removal period detention statute, read in light
> of the Constitution's demands, implicit limits an alien's
> detention to a period reasonably necessary to bring
> about that alien's removal from the United States, and
> does not permit indefinite detention. Pp 8-19"
> **Zadvydas v. Davis**, 533 U.S. ___ , 121 S. Ct. 2491, 2001
> WL 720662 at *2.

> "...Thus, for the sake of uniform administration in
> the federal courts, six months is the appropiate
> period. After the 6-month period, once an alien pro-
> vides good reason to believe that there is not signifi-
> cant likelihood of removal in the reasonably foreseeable
> future, the Government must furnish evidence sufficient
> to rebut that showing. Pp 19-22." **Zadvydas**, supra, at *3.

Petitioner has been under the custody of INS since February
12, 1999 almost 30 months. That is five times greater than the
6-month period considered appropiate by the Supreme Court:

> "...In our view, the statute, read in light of the
> Constitution's demands, limits an alien's post-removal
> period detention to a period reasonably necessary to
> bring about that alien's removal from the United States.
> It does not permit indefinite detention." **Zadvydas** at *7.

Supreme court has upheld preventive detention based on dan-
gerousness only when limited to 'specially dangerous individuals.'
This Petitioner, Kebe, does not fall within that category set by
the Supreme Court to justify preventive detention:

> "The second justification--protecting the community--
> does not necessarily diminish in force over time. But
> we have upheld preventive detention based on dangerous-
> ness only when limited to specially dangerous indivi-
> duals and subject to strong procedural protections. ...
> In cases in which preventive detention is of potentially
> indefinite duration, we have also demanded that the dan-
> gerousness rationale be accompanied by some other special
> circumstance, such as mental illness, that helps to
> create the danger." **Zadvydas** at *8 (citations omitted).

The court furhter reasoned:

> "A statute permitting indefinite detention of an alien
> would raise a seriuos constitutional problem. The Fifth
> Amendment's Due Process clause forbids the Government
> to 'depriv[e]' any 'person ... of ... liberty ... with-
> out due process of law.' Freedom from imprisonment--
> from government custody, detention, or other forms of
> physicall restain--lies at the heart of the liberty that
> Clause protects. See Foucha v. Louisiana, 504 U.S 71, 80
> (1992). And this court has said that government detention
> violates that clause unless the detention is ordered in
> a criminal proceeding with adequate procedural protec-
> tions, see United States v. Salermo, 481 U.S. 739, 746
> (1987), or, in certain special and 'narrow' non-punitive
> circumstances,' Foucha, supra at 80, where a special
> justification, such as harm threatening mental illness,
> outweighs the 'individual's constitutionally protected
> interes in avoiding physical restrain.' Kansas v. Hen-
> dricks, 521 U.S. 346, 356 (1997). The proceedings at
> issue here are civil, not criminal, and we assume that
> they are nonpunitive in purpose and effect." **Zadvydas**
> **at \*7 A.**

Petitioner was in the United States when he was detained by INS;
therefore, he is entitled to constitutional protections:

> "It is well establish that certain constitutional pro-
> tections available to persons inside the United States
> are unavailable to aliens outside our geographic bor-
> ders ... But once an alien enters the country, the
> legal circumstance changes, for the Due Process Clause
> applies to all 'persons' within the United States,
> including aliens, whether their presence here is lawful,
> unlawful, temporary, or permanent. ..." **Zadvydas** at \*9.

The Supreme court upheld the jurisdiction of district courts to
entertain habeas corpus petitions under §2241 and to discharge
persons being held unconstitutionally:

> "Federal courts have authorized to issue writs of habeas
> corpus since the enactment of the Judiciary Act of 1789,
> and §2241 of the Judicial Code provides that federal
> judges may grant the writ of habeas corpus on the appli-
> cation of a prisoner being held in custody in violation
> of the Constitution or laws or treaties of the United
> States.'"

> "[25]In fact, §2241 descends directly from §14, 1 Stat.
> 82; Act of Feb. 5, 1867, ch. 28, 14 Stat. 385. Its text
> remained undisturbed by either AEDPA or IIRIRA."

**INS v. St. Cyr**, ___ U.S.___, 2001 WL 703922 (U.S. June 25,

2001) at *10 and FN 25. (emphasis added)

The Supreme Court stated in **Walker v. Johnston** that there could be situations where on the facts admitted, it may appear that, as a matter of law, the prisoner is entitled to the writ and to a discharge, and the Supreme Court and federal courts thereafter have acknowledge the power of a federal district court to discharge a habeas corpus petitioner from custody without conducting an evidentiary hearing, when the facts are undisputed and established a denial of petitioner's constitutional rights. See **Browder v. Director**, 434 U.S. 257, 266 n. 10 (1978) (qouting **Walker v. Johnston**, 312 U.S. 275, 284 (1941) , and citing authority).

## CONCLUSION

For the foregoing arguments, Petitioner's case is fully governed by **Zadvydas v. Davis**, 533 U.S. ___ , 121 S. Ct. 2491, 2001 WL 720662 (June 28, 2001). This case modified **Ngo v. INS**, 192 F.3d 390, 392,394-98 (3d Cir. 1999), which was used by this court as basis to deny Petitioner's habeas corpus.

Therefore, Petitioner respectfully request that this honorable court grant his motion for relief from judgment and order his release under any conditions that this court and/or Respondents deem appropiate.

Respectfully submitted

Dated 07 31 01

*KeBe Davis*

DAVID KEBE
# 99-00080
SNYDER COUNTY PRISON
600 OLD COLONY ROAD
SELINSGROVE, PA 17870

## CERTIFICATE OF SERVICE

I certify that on July 31, 2001, I served the United States Attorney with a copy of the foregoing motion for relief from judgment, by placing a true and complete copy in an envelope, postage prepaid, and mailing it, addressed as follows:

DULCE DONOVAN

ASSISTANT U.S. ATTORNEY

217 FEDERAL BUILDING

228 WALNUT STREET

HARRISBURG, PA 17108

DAVID KEBE

DAVID KEBE

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID KEBE,                          :        CIVIL ACTION NO. 1:CV-00-1883
                  Petitioner         :
                                     :
        v.                           :        (Judge Kane)
                                     :
IMMIGRATION AND                      :
NATURALIZATION SERVICE,              :
                  Respondent         :

**FILED**
HARRISBURG, PA

MAY 23 2001

MARY E. D'ANDREA, CLE
Per _____
        Deputy Clerk

## MEMORANDUM

        Before the Court are Petitioner's Petition for Writ of Habeas Corpus, the Magistrate

Judge's Report and Recommendation, Petitioner's Objections to the Report and

Recommendation.  In addition, the Court has for consideration the Respondent's response to the

Petitioner's petition, filed pursuant to the April 5, 2001 Order of this Court and Petitioner's

response thereto.  Upon independent de novo review of the entire record and the applicable law,

the Court accepts and hereby adopts the findings and recommendation of the Magistrate Judge

and overrules Petitioner's objections thereto.  This Court finds that Petitioner is receiving the

periodic reviews required when the INS detains aliens pending deportation for prolonged periods

of time.  See Ngo v. INS, 192 F.3d 390, 392, 394-98 (3d Cir. 1999).  Petitioner's continued

detention was last reviewed on February 28, 2001.  His continued detention was found to be

appropriate not only because of his prior convictions, but also because the INS has been unable

to verify any information supplied by the Petitioner regarding Petitioner's identity or nationality,

and the INS finds this information and the Petitioner's other assertions in conjunction with his

review to be not credible.

Certified from the record
Date 5-23-01
Mary E. D'Andrea, Clerk
Per _____
        Deputy Clerk

AND NOW, for the reasons more fully stated in Magistrate Judge Blewitt's Report and Recommendation filed November 7, 2000, **IT IS ORDERED THAT** Petitioner's Writ of Habeas Corpus is **DENIED.** The Clerk shall close the file.

Yvette Kane
United States District Judge

Dated: May 23, 2001.

2