

ORIGINAL

(16)
9-6-01
sc

UNITED STATES DISTRICT COURT
MIDDLE DISTICT OF PENNSYLVANIA

DAVID KEBE,       :
    Petitioner    :
                  :
    v.            :   CIVIL ACTION NO. 1:CV-00-1883
                  :   (JUDGE KANE)
                  :
IMMIGRATION AND   :
NATURALIZATION SERVICE, :
    Respondent    :

FILED
HARRISBURG

SEP 0 5 2001

MARY E. D'ANDREA, CLE
Per_____
     DEPUTY CLERK

### BRIEF IN SUPPORT TO MOTION TO RECONSIDER PURSUANT TO RULE 60

### INTRODUCTION

Petitioner, pro se, filed a Motion for Relief From Judgment pursuant to Federal Rule of Civil Procedure 60(b) on July 30, 2001.

On August 30, 2001, this Honorable Court ordered that plaintiff shall file a brief in support of his motion detailing why Petitioner believes he is in the class of people affected by the Supreme Court's decision in **Zadvydas v. Davis**, ___ U.S. ___, 121 S.Ct. 2491 (June 28, 2001). This brief is being filed pursuant to the court's order.

Petitioner further begs this Honorable Court to apply the standards in **Haines v. Kerner**, 404 U.S. 519 (1972) in regards to pro se petitions and cure any procedural error.

### STATEMENT OF FACTS

Petitioner has been under INS custody since February 12, 1999. On February 25, 1999 he was ordered deported. He did not appealed the order of deportation, thus the order became administratively final 30 days later, March 25, 1999. (See Respondents, Response

-1-

to Habeas Corpus dated April 30, 2001 at *2).

Petitioner is a citizen of France who entered the United States in 1996. Petitioner provided INS with all the possible information he could in regards to his citizenship. He informed that he entered the United States in 1996 through War Island in Manhattan New York, and gave INS a telephone number (212) 369-8900 and registration number 8451397 so they could verify his arrival and the records of his citizenship. Up to this date, after 31 months of detention, INS has not been able to verify Petitioner's records. The France consulate has refused to issue travel documents alleging that they do not have any registration of Petitioner's birth certificate and that no French passport had ever been issued in Petitioner's name.

Petitioner explained that he trveled from France with a United Nations Refugee passport and therefore he did not have a French passport. Petitioner further informed INS that he traveled abroad with the help of UNESCO and Amnesty International.

Since INS was not able to get travel documents to France, Petitioner informed INS that his parents were citizens of Sudan and gave them detailed specify information asking INS to deport him there if France continued refusing to accept him. Petitioner clarified that his parents were citizens of Sudan who immigrated to France where Petitioner was born.

INS after 31 months has not get Petitioner's travel documents to neither France, his native country, nor to Sudan, his parent's native country.

Petitioner does not have any other family members who can help to provide any other pertinent information to secure his removal. The refusal of France and Sudan to accept Petitioner back leaves him in the same position as a stateless alien.

## ARGUMENT

PETITIONER FALLS WITHIN THE CLASS OF PEOPLE AFFECTED BY THE SUPREME COURT'S DECISION IN ZADVYDAS V. DAVIS,--- U.S. ---, S.CT. 2491 (JUNE 28, 2001).

-2-

Zadvydas is a resident alien who was born, apparently of Lithuanian parents, in a displaced persons camp in Germany in 1948. He has a long criminal record, a history of flight, and has been sentenced to periods of incarceration of up to 16 years of imprisonment. Germany refused to accept Zadvydas saying that he was not a German citizen. Lithuanian, Zadvyda's parents native country refused to accept him. Dominican Republic (Zadvydas' wife country) also refused to accept him. (See **Zadvydas**, supra, at *2495 and *2496).

Petitioner, Kebe, is an alien born in France. His parents are citizens of Sudan. Petitioner has a criminal record and the maximum incarceration sentence that he ever received was 3 days of incarceration. France has refused to accept Petitioner saying that he is not a citizen of France. Sudan, Petitioner's parent's native country, has also refused to accept him.

Petitioner has been under INS detention for 31 months waiting to be remove; however, INS has not been able to secure travel documents and there is not a probability that Petitioner's removal may occur in the reasonably foreseeable future.
The Supreme Court in **Zadvydas** stated that the Constitution does not permit indefinite detention:
> "The post-removal period detention statute, read in light of the Constitution's demands, implicit limits an alien's detention to a period reasonably necessary to bring about that alien's removal from the United States, and does not permit indefinite detention." **Zadvydas v. Davis**, supra, at *2498.

Petitioner has been under INS detention for 31 months. The Supreme Court considered that any detention of more than six months is not authorized:
> "... for the sake of uniform administration in the federal courts, six months is the appropiate period. After the 6-month period, once an alien provides good reason to believe that there is not significant likelihood of removal in the reasonably foreseeable future, the Government must furnish evidence sufficient to rebut that showing." **Zadvydas**, supra, at *2505.

-3-

Petitioner's good reason to believe that there is not likelihood of removal in the reasonably foreseeable future is clearly supported by his 31 months detention without being removed. The 6-month period considered appropiate by the Supreme Court has long passed in this Petitioner's case.

INS has reviewed Petitioner's custody status several times but has denied him release using the flight risk and danger to the community factors to justify his continued detention.

The Supreme Court in **Zadvydas** held that there is not justification, for indefinite detention, under flight risk factor when removal possibility is remote:

> "The proceedings at issue here are civil, not criminal, and we assume that they are nonpunitive in purpose and effect. There is not sufficiently strong special justification here for indefinite civil detention--at least as administered under this statute. The statute, says the Government, has two regulatory goals: "ensuring the appearance of aliens at future immigration proceedings" and "[p]reventing danger to the community." ... But by definition the first justification-- **preventing flight-- is weak or nonexistent where removal seems a remote possibility at best. ..."** **Zadvydas**, supra, at *2499 (citations omitted, emphasis added).

INS's second justification to deny Petioner's release has been his criminal record; however, Petitioner's criminal record does not reflects that he is a "specially dangerous individual."

The Supreme Court upheld preventive detention only when limited to a small segment of "specially dangerous individuals.":

> "The second justification--protecting the community--does not necessarily diminish in force over time. But we have upheld preventive based on dangerousness **only when limited to specially dangerous individuals** and subject to strong procedural protections. ... In cases in which preventive detention is of potentially indefinite duration, we have also demanded that the dangerousness rationale be accompanied by some other special circumstance, such as mental illness, that helps to create the danger." **Zadvydas**, supra, at *2499 (citations omitted, emphasis added).

-4-

## CONCLUSION

Petitioner's case essence is identical to that of **Zadvydas**'s case; therefore, Petitioner is in the class of people affected by the Supreme Court's decision in **Zadvydas v. Davis**, ___ U.S. ___, 121 S.Ct. 2491 (June 28, 2001).

Wherefore, for the above conclusion Petitioner's detention is unconstitutional and he is entitled to release from detention pursuant to the conditions that this Honorable Court and/or Respondents deem appropiate.

Respectfully submitted

Dated 09-04-01

*Kebe David*

DAVID KEBE
# 99-00080
SNYDER COUNTY PRISON
600 OLD COLONY ROAD
SELINSGROVE, PA 17870

-5-

## CERTIFICATE OF SERVICE

I certify that on September 4, 2001, I served the United States Attorney with a copy of the foregoing, Brief in Support of Motion to Reconsider Pursuant to Rule 60, by placing a true and complete copy in an envelope, postage prepaid, and mailing it, addressed as follows:

>DULCE DONOVAN
>Assistant U.S. Attorney
>217 Federal Building
>228 Walnut Street
>Harrisburg, PA 17108

_KEBE DAVID_
DAVID KEBE