IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID KEBE, | : | |
| Petitioner | : | No. 1:CV-00-1883 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| IMMIGRATION AND NATURALIZATION | : | (Magistrate Judge |
| SERVICE, | : | Blewitt) |
| Respondent | : | |

RESPONSE TO MOTION
FOR RELIEF FROM JUDGMENT

Introduction

Petitioner David Kebe seeks reconsideration of this Court's May 23, 2001, Order denying his Petition for Writ of Habeas Corpus. Mr. Kebe argues that he is in the class of detained aliens affected by the Supreme Court's recent decision in Zadvydas v. Davis, __ U.S. __, 121 S.Ct. 2491 (June 28, 2001). Because the respondent agrees that Zadvydas applies in this case, respondent respectfully requests that the matter be remanded to the INS for a determination consistent with the Supreme Court's decision.

Procedural Background

Petitioner filed his habeas petition *pro se* on October 25, 2000, requesting that the Court order the INS to release him. On November 7, 2000, prior to issuing service on the Office of the United States Attorney or the INS, Magistrate Judge Blewitt issue a Report and Recommendation (R&R) recommending that the petition be summarily dismissed. Kebe objected to the R & R on November

15, 2000. On April 5, 2001, the Court issued an Order directing the INS to respond to the allegations in the petition, as well as Kebe's objections to the R & R. After considering the response, the Court adopted the R&R and denied the petition.

On August 2, 2001, petitioner filed his Motion for Relief from Judgment Pursuant to Civil Rule 60. On September 5, 2001, petitioner filed his brief in support thereof. This brief is filed in response thereto.

The habeas petition did not challenge Mr. Kebe's order of removal. Rather, it challenged his detention pending removal as a violation of his constitutional rights.

### Statement of Facts

Mr. Kebe claims that he is a native and citizen of France who entered the United States in 1996. Following his 1998 convictions for theft of services, the INS instituted administrative removal proceedings. On February 25, 1999, Mr. Kebe was ordered deported. He did not appeal, and the order became administratively final thirty days later. Petitioner remains in the custody of the INS awaiting deportation.

Because of difficulty obtaining the necessary travel documents, Mr. Kebe has not yet been removed. The INS has considered him for supervised release pending his removal several times, most recently in February, 2001. In each instance, the

2

INS determined that petitioner's continued detention was appropriate.

## Question Presented

Should the case be remanded to the INS for a determination consistent with the Supreme Court's decision in Zadvydas?

Suggested answer: Yes.

## Argument

Mr. Kebe has been a post-removal order deportable alien in INS custody since March 25, 1999, when his removal order became final. The INS has been unable to secure travel documents to effect his removal during that time. Although the INS continues to take the position that Mr. Kebe has failed to adequately cooperate in securing such travel documents, Mr. Kebe's responsibility for his current detention, and the likelihood that he will be deported in the foreseeable future, are issues which should be examined by the INS in light of the decision in Zadvydas. Accordingly, respondent requests that Mr. Kebe's current Motion for Reconsideration be treated as a request for determination whether there is a significant likelihood of removal in the foreseeable future, and that the case be remanded to the INS so that such a determination can be made.

## Conclusion

For the above-stated reasons, the Motion for Resconsideration should be denied without prejudice, and the case should be remanded to the INS so that a determination of the likelihood of removal in the reasonably foreseeable future can be made.

Respectfully submitted,

MARTIN C. CARLSON
United States Attorney

*Mary Catherine Frye*
MARY CATHERINE FRYE
Assistant United States Attorney
228 Walnut Street, Suite 220
P.O. Box 11754
Harrisburg, PA   17108-1754
(717) 221-4482

Date: September 10, 2001

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

On this 10th day of September, 2001, she served a copy of the foregoing document by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania to:

>David Kebe
>Snyder County Prison
>600 Old Colony Road
>Selinsgrove, PA 17870

*Kathy Enders*
KATHY ENDERS
Legal Secretary