UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

DAVID KEBE, :
    Petitioner :
: CIVIL ACTION NO. 1:CV:00-1883
v. :
:
IMMIGRATION AND :
NATURALIZATION SERVICE, :
    Respondents :

### MOTION FOR JUDGMENT

Comes now Petitioner, pro se, and respectfully beg that this Honorable Court enter its judgment of his pending motion for reconsideration.

Petitioner further ask that this Honorable Court construe this motion liberally and cure any procedural errors as adjudged in **Haines v. Kerner**, 404 U.S. 519 (1972) in regards to pro se petitions.

### BACKGROUND

Petitioner, David Kebe, has been under INS detention since February 12, 1999, 35 months.
On July 30, 2001 Petitioner filed a motion for reconsideration of a denial in a prior habeas corpus petition. Petitioner later filed a motion to amend. All pleadings and responses have been filed. Petitioner is pending the judgment of this Honorable Court.

### ARGUMENT

Petitioner has been under INS detention for a long period of time, 35 months, awaiting his unforeseen deportation; something that may never occur.

The Supreme Court considered that indefinite detention for more than six months was unconstitutional, left alone 35 months. Zadvydas v. Davis, 121 S.Ct. 2491, 2505 (June 28, 2001). Respondents agreed that the Supreme Court decision in Zadvydas applies to Petitioner's case (Government's Response to Motion for Relief from Judgment, filed September 10, 2001, at *1). However, Petitioner is still detained without any evidence that his removal is likely to occur in the reasonably foreseeable future, or at any time. Petitioner's detention is clearly against the Supreme Court's decision.

Petitioner's fate is in the hands of this Honorable Court. Anymore delays or opportunities to Respondents, to deal with Petitioner's detention, would eviscerate the function of the Great Writ. Jones v. Shell, 572 F.2d 1278, 1280 (8th Cir. 1978) (Plainly, the writ of habeas corpus challenging detention, is reduced to a sham if the trial courts do not act within a reasonable time.).

[W]rits of habeas corpus are intended to afford a swift and imperative remedy in all cases of illegal restraint or confinement. Fay v. Noia, 372 U.S. 391, 400 (1963), qouting Secretary of State for Home Affairs v. O'Brien, [1923] A.C. 603, 609 (H.C.); See also Johnson v. Avery, 393 U.S. 483, 485 (1969) (Court has constantly emphasized fundamental importance of the writ); Van Buskirk v. Wilkinson, 216 F.2d 735, 737-38 (9th Cir. 1954) (habeas corpus is a speedy remedy, entitled by statute to special, preferential consideration to insure expeditious hearing and determination); McClellan v. Young, 421 F.2d 690, 691 (6th Cir. 1970) (same); Glynn v. Donnelly, 470 F.2d 95, 99 (1st Cir. 1972) (28 U.S.C. §2243 manifest policy that habeas petitions are to be heard promptly).

28 U.S.C. §2243 requires a hearing on a show cause order issued pursuant to a petition for writ of habeas corpus within five days after the return is filed unless additional time is allowed for good cause, and it then requires that the court "summarily hear and determine the facts, and dispose of the matter as law and justice require." See McClellan v. Young, supra at 691 (§2243 imposes specific duty on court to summarily hear and dispose of habeas

petitions); **Jones v. Shell**, supra at 1280 (habeas corpus procedure should not be so dilatory or technical as to deny petitioner hearing and ruling on merits of claim within reasonable time).

Under the circumstances of this case, after 35 months in INS detention and the agreement of Respondents that this case is applicable to **Zadvydas**, Petitioner has established a clear and undisputable right to have his petition expeditiously heard and decided. Petitioner has no alternative remedy. **McClellan v. Young**, 421 F.2d at 691 (numerosity of pending habeas petitions insufficient ground to justify delay in deciding them ...)

## CONCLUSION

For the above reasons and arguments, Petitioner respectfully begs that this Honorable Court enter its judgment.

January 7, 2002

Respectfully submitted,

*David Kebe*

DAVID KEBE
# 99-00080
SNYDER COUNTY PRISON
600 OLD COLONY ROAD
SELINSGROVE, PA 17870

## CERTIFICATE OF SERVICE

I certify that on January 7, 2001, I served the United States Atorney with a copy of the foregoing, Motion for Judgment, by placing a true and complete copy in an envelope, postage prepaid and mailing it addressed as follows:

> MARY CATHERINE FRYE
> Assistant U.S. Attorney
> 228 Walnut Street, Suite 220
> P.O. Box 11754
> Harrisburg, PA 17108-1754

_____
DAVID KEBE