

*return*

David Kebe
CTY-SNY
Snyder County Jail A900080
9900080
600 Old Colony Rd.
Selinsgrove, PA  17870-8610

570 524-8711

*never gone*

Re: 1:00-cv-01883

-------------------------------

**FILED**
HARRISBURG, PA

MAR 2 5 2002

MARY E. D'ANDREA, CLERK
Per _____
            Deputy Clerk

-------------------------------

Please file all pleadings directly with the Clerk's Office in which
the assigned Judge is located.  Do not file any courtesy copies
with the Judge's Chambers.

JUDICIAL OFFICERS:

Chief Judge Thomas I. Vanaskie
Judge A. Richard Caputo
Judge James M. Munley
Judge William J. Nealon
Judge Richard P. Conaboy
Judge Edwin M. Kosik
Magistrate Judge Thomas M. Blewitt
Magistrate Judge Malachy E. Mannion

CLERK'S OFFICE ADDRESS:

U.S. District Court
235 N. Washington Ave.
P.O. Box 1148
Scranton, PA  18501

-----------------------------------------------------------------

Judge Yvette Kane
Judge Sylvia H. Rambo
Judge William W. Caldwell
Magistrate Judge J. Andrew Smyser

U.S. District Court
228 Walnut Street
P.O. Box 983
Harrisburg, PA  17108

-----------------------------------------------------------------

Judge Malcolm Muir
Judge James F. McClure

U.S. District Court
240 West Third Street
Suite 218
Williamsport, PA  1770

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID KEBE,                    :      CIVIL ACTION NO. 1:CV-00-1883
                 Petitioner    :
                               :
         v.                    :      (Judge Kane)          **FILED**
                               :                            HARRISBURG
IMMIGRATION AND                :
NATURALIZATION SERVICE,        :                            MAR 1 2 2002
                 Respondent    :
                                                       MARY E. D'ANDREA, CLERK
                                                       Per:_____
                               ORDER                       DEPUTY CLERK

        The Orders of this Court dated January 23, 2002, and February 22, 2002, were sent to

petitioner, and returned, marked "Return to Sender - No Longer Incarcerated."  The Court has

since learned that Petitioner was released by the Snyder County Jail on January 22, 2002, and has

been incarcerated instead at the Berks County Prison.  It is Petitioner's responsibility to inform

the Court of a change in his address.  However, before the Court issues its final decision on

Petitioner's motion for reconsideration, the Court will grant Petitioner an opportunity to respond

to the Government's brief.  **THEREFORE, IT IS ORDERED THAT:**

        1.      The Clerk of Court is directed to serve a copy of the following on Petitioner at

                Berks County Prison:

                (a)     January 23, 2002 Order;
                (b)     February 22, 2002 Order; and
                (c)     Government's March 1, 2002 supplemental brief.

        2.      Petitioner shall have __20__ days from the date of this Order to file a reply.

                                        _____
                                        Yvette Kane
                                        United States District Judge

Dated: March __11__, 2002.

# ORIGINAL

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DAVID KEBE                    :
                              :
              Petitioner,     :  1:CV-00-1883
                              :
                              :  (Judge Kane)
                              :
IMMIGRATION AND NATURALIZATION :
SERVICE                       :
                              :
              Respondent      :

FILED
HARRISBURG

MAR 0 1 2002

MARY E. D'ANDREA, C
Per_____
DEPUTY CLERK

## SUPPLEMENTAL BRIEF

### Procedural History

On August 2, 2001, the Petitioner filed a Motion for Relief
from Judgment/Motion for Reconsideration.  After both parties
filed briefs, Petitioner filed an amended motion on November 8,
2001.  On January 9, 2002 Petitioner filed a Motion for Judgement
on his Motion for Reconsideration.  On January 23, 2002, the
Court issued an Order directing Respondent to complete a review
of Petitioner's case as provided for in its interim procedures or
to submit a supplemental brief concerning the likelihood of
Petitioner's removal in the foreseeable future.  Respondent filed
a Motion for Enlargement of time which was granted.  The Court
directed Respondent to file a supplemental brief on or by March
8, 2002.  This supplemental brief is filed in accordance with the
Court's order.

**Argument**

In compliance with the Court's order of January 23, 2002, the INS conducted a review of whether Petitioner would be removed in the foreseeable future. After conducting the review, the INS found that removal was foreseeable if Petitioner cooperates and that continued detention was recommended. The review reads in part:

> Mr. Kebe has hindered his removal from the United States by refusing to give the Service accurate answers needed to obtain a travel document on his behalf from the proper government.
>
> . . .
>
> The Service routinely obtains travel documents from the majority of the nations located on the European and African continents, and it would be unlikely that the Service would be unable to remove Mr. Kebe if his true identity and nationality were truly know. (See attached Exhibit A)

While in INS custody Petitioner has actively hindered INS' attempts to obtain his travel papers by claiming that he is a native and citizen of several different countries, giving different names, and giving different dates of birth. If Petitioner cooperates, his removal will be possible within a reasonable amount of time.

The INS recommended continued detention because Mr. Kebe failed to prove that he would not pose a threat to the community nor become a risk of flight if released.

**Conclusion**

For the above-stated reasons, the Petitioner's Motion for Reconsideration should be denied.

Respectfully submitted,

MARTIN C. CARLSON
United States Attorney

MARY CATHERINE FRYE
Assistant United States Attorney
228 Walnut Street, Suite 220
P.O. Box 11754
Harrisburg, PA    17108-1754
(717) 221-4482

Date: March 1, 2002

# EXHIBIT A



**U.S. Department of Justice**
**Immigration and Naturalization vice**

Philadelphia District

*1600 Callowhill Street*
*Philadelphia, PA 19608*

*February 8, 2002*

KEBE, David – A75 805 834
BCP (2002-0666) O-209
C/O Berks County Correctional Facility
1287 County Welfare Road
Leesport, PA. 19533

## Decision by District Director to Continue Detention
## Upon Expiration of Removal Period

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of the Immigration and Naturalization Service (INS) at this time. This decision has been made based on a review of your file and consideration of the information submitted to INS reviewing officials in support of your application for release.

After carefully weighing the factors pertaining to your case, you will not be released from the custody of the INS because: *You have actively hindered your removal from the United States for the following reasons: You have given the Service several different names, dates of birth, and places of birth since your detention with the Service. You have made prior statements that you were born in France, Sudan, and Senegal. You have stated on one occasion that your father was a diplomat, then on another occasion that your father was a Colonel in the Sudanese Military. You have not provided the Service with a valid or expired passport, or any type of evidence that you entered the United States legally. You have failed to provide the Service with a birth certificate, or any other documentation attesting to your country of origin.*

*You have not through clear and convincing evidence proven that you would <u>not pose</u> a threat to the community, or become a risk of flight if released.*

*Therefore, it is the Service's decision that you remain in Service custody until such time as you cooperate with the Service in obtaining a travel document on your behalf.*

Control of your custody case will be:

Transferred to the INS Headquarters Post Order Detention Unit. Your situation will be reviewed again by that unit within 30 days after it receives the case. They will send a notice to you when they schedule that review. Any material touching on your qualifications for release that you wish to have considered should be submitted to that office. You will find their address at the bottom of the next page.

Signature of District Director/Designated Representative

2/8/02
Date

(Page 1 of 2)

CB-28-2002  16:10        INS DISTRICT COUNSEL                215 656 7148    P.03/1

**Decision to Continue Detention Upon Expiration of Removal Period**
**Page 2**
**(KEBE, David – A75 805 834)**

## PROOF OF SERVICE

(1)    **Personal Service (Officer to complete both (a) and (b) below.)**

    (a)    I _David W. Savina – Deportation Officer_
                        *Name & Title of INS Officer*,

certify that I served __David KEBE__ with a copy
                       *Name of detainee*

of this document at __Berks County C.F.__ on _2/8/02_ , Through _Institutiional mail_ .
              *Institution*         *Date*

(2)    **Service by certified mail, return receipt.  (Attach copy of receipt)**

I _____ , certify that I served _____
    *Name & Title of INS Officer*                       *Name of detainee*

an the custodian of records at _____
                                       *Institution*

with a copy of this document by certified mail at on _____ .
                                *Date*

(  ) CC: Attorney of Record or Designated Representative
( X ) CC: A-File

**ADDRESS FURTHER CORRESPONDENCE TO:**
INS Enforcement
801 I St. NW, Suite 801
Washington, D.C.  20536

Attn: Headquarters Post Order Detention Unit

# POST ORDER CUSTODY REVIEW WORKSHEET OR FILE REVIEW AND/OR INTERVIEW

**Detainee Name:** KEBE, David     **Date of Birth:** 9/6/70 ??   **"A" Number:** A75 805 834

**AKAs:** GIBBY, David; TEBE, David; PICKERING; Philip  **BOP Number:** N/A

**Country of Birth:** Unknown      **Citizenship:** Unknown

**Date of Arrival:** Claims 09/96    **Place of Arrival:** Claims New York

**Manner of Arrival:** Claims F-1 Student    **Last Date into INS Custody:** 02/11/99

**Entered INS Custody from:**         ☒   **Local** ☐ **State** ☐ **Federal Institution**
                                      ☐   **Other**

**Location:**
                                           **Institution Number:**

**Immigration History:** (Prior INS arrest[s]/parole/bond/custody information)

     **Describe:** Subject claims to have entered the United States as an F-1 student, the Service has found no evidence of any entry into the U.S.

02/25/99 – Ordered Removed to France by IJ.
10/22/99 – Custody review (Detained).
03/10/00 – Custody review (Detained).
06/29/00 – Custody review HQPDU (Detained).
09/08/00 – custody review (Detained).
03/03/01 – Custody Review (Detained)

---

**Deportation Officer:** David W. Savina        **Date of Review:** February 5, 2002

**Location Detained:** Berks County Correctional Facility
                1287 County Welfare Road
                Leesport, PA 19533

---

## Deportation/Exclusion/Removal Proceedings

**List all Charges:**   ☒   Section 237 (a)(1)(C)(i),(2)(A)(ii)
                ☐   Section 212 (a)
                ☐   Section 241

☒   Under <u>Final Order</u> dated: 02/25/1999 by ☒ IJ ☐ BIA ☐ Other

☒   Appeal Waived/Appeal Time Elapsed

**Travel Document Status/History:** Subject has made several claims to be a citizen of France, Sudan, and possibly Senegal.  Attempts to remove the subject to France and Sudan have been unsuccessful due to the subject's refusal to state where he was actually born.

The subject has claimed several different names, dates of birth, and nationalities since his arrival in Service custody.

## Legal Representative / Attorney

**G-28 Filed:**  ☐ Yes     ☒ No

**Legal Rep/Atty. Notified of Interview:**     ☐ Yes     ☒ N/A     by:
on:

**Name of Representative / Attorney:** N/A

## Criminal History

**Outside the United States:** None found or claimed by subject
(specify nature of crime, whether convicted, sentence imposed, date, and country)

**In the United States:**  Yes, See below

**NCIC Checks:**     ☒ Criminal History     ☐ No record Found
(State and Federal)

**FBI#**  894548FB7                                    **SID#** NY8819479K

     Summary of NCIC Checks:

02/08/98 – New York: Petit Larceny                    Convicted: 06/11/98
              Resisting Arrest                         Disorderly Conduct
              Possession of Stolen Prop.

05/06/98 – New York: Burglary 3°                      No Disposition

06/16/98 – New York: Intent/Fraud Obtain Trans        Convicted: 06/16/98 Time Served

06/17/98 – New York: Intent/Fraud Obtain Trans        Convicted: 06/17/98 Time Served

07/21/98 – New York: Assault W/Int Cause Phy. Injury  Convicted: 07/21/98
              Grand Larceny                            Assault W/Int Cause Phy. Injury
              Petit Larceny                            5 days
              Resisting Arrest
              Criminal Poss. Stolen Prop.

| | |
|---|---|
| 08/30/98 – New York: Robbery 2° / Physical Injury<br>Assault W/Int Cause Phy Injury<br>Resisting Arrest | Convicted: 09/04/98<br>20 days/Order of Protection |
| 01/26/99 – New York: Menacing 2° W/Weapon<br>Resisting Arrest<br>Disturbance Fight/Violence | Convicted: 01/26/99<br>30 Days / Order of Protection |

## Institutional / Disciplinary Record

**Did the detainee have prior Disciplinary Reports?**　　☐ Yes　　☒ No

　　If Yes, List & Describe: None found or claimed by subject

**Disciplinary reports and Incidents while in INS Custody?**　　☒ Yes　　☐ No

　　If Yes, List & Describe: 07/04/01 – Poss. of Contraband; 07/09/01 – Poss. of Contraband;
6/28/01 - Fighting

## Specifics of Interview

**Date of File Review:** February 5, 2002

**Date of Detainee Interview:** Subject was not interviewed during this review

**Location of Interview:** N/A

**Interviewing Officer:#1:**　　N/A

　　　　　　　**#2:**　　(optional)

**Interpreter Used:**　☐ Yes　　☐ No　　Name:
**Language/Dialect:**

**Does the detainee have a place to live in the United States?**  ☒ Yes  ☐ No

Address: Subject has stated in the past that he would be able to reside at: Bellevue Men's Shelter 400 East 30th Street & 1st Avenue. Manhattan, NY (212) 481-4270

**Is the detainee subject to any parole or probation requirements?**  ☐ Yes  ☒ No

Describe: None found in case file.

**Does the detainee have close family ties within the United States?**  ☐ Yes  ☒ No

Describe: None found or provided by subject.

**Does the detainee have any community ties or non-governmental sponsors?**  ☐ Yes  ☒ No

Describe: None found or provided by subject.

**Does the detainee have any employment prospects?**  ☐ Yes  ☒ No

Describe: No letter of employment found in file or provided by subject.

**What is the detainee's employment history?**

Describe: Subject claims to have sold merchandise (Curbside) in New York.

**What is the detainee's educational level?**

Describe: Unknown and not provided by subject.

**Does the detainee have any vocational training?**  ☐ Yes  ☒ No

Describe: Unknown and not provided by subject.

## _Medical/Psychological Concerns_

Medical/Psychological Report :  ☐ In A-File  ☒ None  ☐ Not Available

Date and Source:

Summary:

Other documentary evidence for consideration in this review:

Prior reviews
Disciplinary reports
NCIC Report
Consulate letters

## Discussion at Interview

Notes:  Subject was not interviewed during this review

The INS detainee was found ☐ **CREDIBLE**   ☐ **NOT CREDIBLE**

**Explain:** This section is not applicable to this review.

# Officer Comments/Analysis & Recommendation

On February 5, 2002, Mr. Kebe's case file was reviewed in ordered to determine if it is likely the Service will be able to obtain a travel document in order to remove the Subject from the United States.

The subject has stated that he last entered the United States in September of 1996 as an F-1 student from France. The Service has not been able to find any record of Mr. Kebe arriving as a student, or as any other arriving alien. On January 29, 1999 Mr. Kebe gave a statement to Officer Richard Koury of the INS, stating that he was born on September 9, 1966, and that his father was a diplomat from Senegal to the United States. In a later statement (enclosed) Mr. Kebe states that he was born in 1967, and that his father was a Colonel in the Sudanese Army. Mr. Kebe has made numerous contradicting statements concerning his family, what country he arrived from, what his true birth date is, what his true name is, and where he was born.

A Warrant of Removal was issued for Mr. Kebe on February 25, 1999 with travel document requests being sent from March of 1999 to the present. Both the French and Sudanese Government have stated that he is *not* a citizen of their perspective countries, and would not issue a travel document on his behalf. Mr. Kebe began filling Habeas cases on November 16, 1999, and has continued until the present.

Mr. Kebe has hindered his removal from the United States by refusing to give the Service accurate answers needed to obtain a travel document on his behalf from the *proper Government*. It is this writer belief the subject continues to give false information so he may obtain his release from "indefinite detention" through the filling of his Habeas cases continually. The Service routinely obtains travel documents from the majority of the nations located on the European and African continents, and it would be unlikely that the Service would be unable to remove Mr. Kebe if his true identity and nationality were truly known.

Therefore, it is this writers opinion that Mr. Kebe is actively hindering his deportation from the United Sates under Section 243(a) of the Immigration and Nationality Act, as amended and should remain in Service custody. Additionally, it is this writers recommendation that Mr. Kebe's case be referred to the District Attorney's office for prosecution under Title 18 United States Code.

Interviewing Officer: David W. Savina          Date: 21/5/02          (Detain)          Release

Reviewed by: James F. Monk          Date: 2/5/02          (Concur)          Do Not Concur

INS DISTRICT COUNSEL                                    215 656 7148    P.10/1

# DISTRICT DIRECTOR'S CUSTODY DETERMINATION

☐    RELEASE FROM CUSTODY / ORDER OF SUPERVISION

☐    RELEASE FROM CUSTODY / ORDER OF SUPERVISION UNDER BOND

⠀⠀⠀⠀⠀⠀·⠀Bond Amount: _____

☐    CONTINUE IN CUSTODY / RETAIN CUSTODY DETERMINATION AUTHORITY
⠀⠀⠀⠀FOR AN ADDITIONAL 90 DAYS AFTER REMOVAL PERIOD.

☒    CONTINUE IN CUSTODY / TRANSFER CUSTODY DETERMINATION
⠀⠀⠀⠀AUTHORITY TO HQ PDU.

Comments (attach additional sheet(s) if necessary):

INS District Office:⠀⠀⠀⠀⠀_Phila, PA_____

Signature of District Director:
or of District Director's Designee⠀⠀_____⠀⠀Date: _2/7/02_

⠀⠀⠀⠀⠀⠀⠀⠀⠀_P Sallemi, DDM_
⠀⠀⠀⠀⠀⠀⠀⠀⠀(Printed Name & Title)

# *HEADQUARTER'S REVIEW OF CONTINUED DETENTION*

Reviewing Officers⠀⠀⠀⠀⠀⠀⠀⠀⠀Concur⠀⠀⠀Reconsider⠀⠀⠀Date

_____
⠀⠀(Name, Title, Signature)⠀⠀⠀⠀⠀⠀___⠀⠀⠀⠀___⠀⠀⠀⠀___

_____
⠀⠀(Name, Title, Signature)⠀⠀⠀⠀⠀⠀___⠀⠀⠀⠀___⠀⠀⠀⠀___

_____
⠀⠀(Name, Title, Signature)⠀⠀⠀⠀⠀⠀___⠀⠀⠀⠀___⠀⠀⠀⠀___

For comments, please refer to the "Headquarters Post Order Custody Review" form.

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DAVID KEBE                                    :
                                              :
                    Petitioner,               : 1:CV-00-1883
                                              :
                                              : (Judge Kane)
                                              :
IMMIGRATION AND NATURALIZATION                :
SERVICE                                       :
                                              :
                    Respondent                :

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on this 1st day of March, 2002, he served a copy of the attached

## SUPPLEMENTAL BRIEF

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the places and addresses stated below, which is the last known addresses, and by depositing said envelope and contents in the United States Mail in Harrisburg, Pennsylvania.

Addressee:
David Kebe
Snyder County Jail
600 Old Colony Rd.
Selingsgrove, PA 17870-8610

NATHANAEL J. BYERLY
Paralegal Specialist
United States Attorney's Office

Dated: March 1, 2002

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DAVID KEBE                              :
                                        :
              Petitioner,               :  1:CV-00-1883
                                        :
                                        :  (Judge Kane)
                                        :
IMMIGRATION AND NATURALIZATION          :
SERVICE                                 :
                                        :
              Respondent                :

**O R D E R**

**FILED**
**HARRISBURG**

FEB 2 2 2002

MARY E. D'ANDREA, CLER
Per_____
DEPUTY CLERK

NOW this _____22nd_____ day of _____Feb_____, 2002 IT IS
HEREBY ORDERED THAT:

    1.   Respondent's Motion is granted; and

    2.   A response to the Petition for Writ of Habeas

Corpus must be filed within ten (10) days.

_____
YVETTE KANE,
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID KEBE,                          :        CIVIL ACTION NO. 1:CV-00-1883
        Petitioner,              :
                           :
      v.                         :        (Judge Kane)
                           :
IMMIGRATION AND                     :
NATURALIZATION SERVICE,             :
        Respondent.              :

**FILED**
**HARRISBURG**

JAN 2 3 2002

MARY E. D'ANDREA, CLE
Per

DEPUTY CLERK

## MEMORANDUM AND ORDER

    Petitioner has filed a motion to reconsider the decision of this Court to deny his petition

for a writ of habeas corpus pursuant to Fed. R. Civ. P. 60.  Plaintiff later filed a motion to amend

his motion for reconsideration, which this Court granted.  Upon consideration of Plaintiff's initial

motion, brief in support of that motion, and amended motion, and the government's response, the

Court issues the following memorandum and order.

**Background**

    Petitioner, David Kebe, states that he is a native and citizen of France who entered the

United States in 1996.  The Court notes that Kebe's citizenship remains an issue, and the INS

continues to attribute its difficulty in deporting Kebe in part to Kebe's lack of cooperation in

securing travel documents.[1]  Following convictions for two charges of theft of services arising

out of Petitioner's turnstile-jumping in the New York City subway, the INS instituted

administrative removal proceedings.  On February 25, 1999, Kebe was ordered deported.  He did

not appeal, and the order became administratively final thirty days later.  Nearly three years later,

_____

[1]The INS has received communications from the French embassy that the embassy cannot
verify Kebe's citizenship.  Kebe has asked that he be deported to Sudan if his French citizenship
cannot be verified.  The INS apparently has also been unable to verify Defendant's Sudanese
citizenship.

Kebe continues to remain in the custody of the INS awaiting deportation.

Petitioner filed the present Petition for Writ of Habeas Corpus on October 25, 2000, alleging that his prolonged detention violates his constitutional rights. On November 7, 2000, the Magistrate Judge recommended denying the petition, as Kebe was receiving the periodic reviews required by <u>Ngo v. I.N.S.</u>, 193 F.3d 390 (3d Cir. 1999). This Court adopted the report and recommendation of Magistrate Judge Blewitt on May 23, 2001 and denied Petitioner's Writ of Habeas Corpus.

The United States Supreme Court decided the case of <u>Zadvydas v. Davis</u>, 533 U.S. 678, 121 S.Ct. 2491 (2001), on June 28, 2001. That case discussed the constitutional concerns regarding indefinite detention of aliens subject to a final order of deportation, and raises issues directly related to the present case. In light of the decision in <u>Zadvydas</u>, the Petitioner filed the present motion for reconsideration on August 2, 2001.

The Government response to Petitioner's motion for reconsideration concedes that <u>Zadvydas</u> is applicable here. The Government requests that this Court treat Petitioner's motion for reconsideration as a request for determination whether there is a significant likelihood of removal in the foreseeable future, and that the case be remanded to the INS so that such a determination can be made.

**Discussion**

On June 28, 2001, the U.S. Supreme Court in <u>Zadvydas</u> held that 8 U.S.C. § 1231(a)(6), which allows for the detention of aliens beyond the 90-day removal period, contained an implicit "reasonable time" limitation, the application of which was subject to federal court review. <u>Zadvydas</u>, 533 U.S. at ___, 121 S.Ct. 2491, 2494. In <u>Zadvydas</u>, the Court found that a deportable alien, who is unable to be repatriated because no other country will accept him, has a

2

strong liberty interest raising a serious question as to whether the Constitution permits indefinite, possibly permanent, detention. <u>Zadvydas</u>, 533 U.S. at ___, 121 S.Ct. 2491, 2498-2500. Having found a constitutional problem, the Court looked to see whether the intent of Congress was to make such detention indefinite, which may have required the Court to give effect to such intent. <u>Zadvydas</u>, 533 U.S. at ___, 121 S.Ct. 2491, 2502. The Court found that § 1231 does not clearly indicate an intent to grant the Attorney General the power to hold an alien indefinitely. The Court found that the statute's use of the word "may," while suggesting that the Attorney General does have discretion, did not clearly provide for unlimited discretion. The Court held that the post-removal detention statute implicitly limits an alien's detention to a period reasonably necessary to bring about that alien's removal.

The Court went on to recognize six months as a presumably reasonable amount of time to hold an alien after the removal order is final. After the six month presumptively reasonable period, however, not every alien not removed must be released. After the six-month presumptively reasonable period, the alien must provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, [and] the Government must respond with evidence sufficient to rebut that showing." <u>Zadvydas</u>, 533 U.S. at ___, 121 S.Ct. 2491, 2504. "[F]or detention to remain reasonable, as the period of post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." <u>Id.</u> "If removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute," and the alien should be released under appropriate conditions. <u>Id.</u> If removal is reasonably foreseeable, "the court should consider the risk of the alien's committing further crimes as a factor potentially justifying continued confinement." <u>Id.</u>

3

This case presents difficult competing interests; that of the Petitioner's due process rights and the government's administrative needs. On the one hand, we have a Petitioner who may be detained in violation of the Fifth Amendment. Petitioner's order of removal was final nearly three years ago. That is far longer than is presumptively reasonable. See Zadvydas, 533 U.S. at ___, 121 S. Ct. 2419, 2504.

On the other hand, the Government has an obligation to protect the public and ensure repatriation of criminal aliens while seeking to comply with Zadvydas. The Government now seeks deference to allow it to further review Petitioner's case in light of Zadvydas, and this Court is inclined to give it. The role of this Court is to review decisions of, not to substitute itself for, the experts at the INS. The serious administrative concerns inherent in enforcing the complex immigration laws call for deference. Zadvydas, 533 U.S. at ___, 121 S. Ct. 2491, 2504.

The Government is now on notice that it may be holding Petitioner unlawfully. This Court is unwilling to give the Government an unlimited time to review Petitioner's case and apply Zadvydas to it. To do so would be an abdication of its responsibility to review a potentially meritorious ripe motion for reconsideration of a habeas petition filed by an individual in custody awaiting deportation for nearly three years. Therefore, this Court will allow the INS to complete its review of Petitioner's file, and will grant it twenty days to do so and file a report with this Court in the nature of a supplemental brief.

If the INS is unable to complete its review of Petitioner's file within twenty days and submit its report, then the Government shall, by the same date, submit to this Court evidence sufficient to rebut Petitioner's claim that removal is not possible in the reasonably foreseeable future.

4

AND NOW, this 23rd day of January 2002, IT IS ORDERED THAT:

1.    Respondents shall, within twenty days of this Order, **EITHER:**

    (a)    Complete its review of Petitioner's case as provided for in its interim procedures and forward its report in the nature of a supplemental brief to Petitioner and to this Court;

            **OR**

    (b)    Submit a supplemental brief to the Court and to Petitioner concerning the likelihood of Petitioner's removal in the reasonably foreseeable future.

2.    Petitioner shall, within 15 days of receiving either 1(a) or 1(b) above, file a supplemental brief.

**IT IS SO ORDERED.**

Yvette Kane
United States District Judge

5