ORIGINAL

IN THE UNITED STATES DISTRICT COURT
·FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
HARRISBURG, PA

AUG 2 3 2002

MARY E. D'ANDREA, CLERK
Per _____

| | |
|---|---|
| DAVID KEBE, ) | |
| Petitioner ) | |
| v. ) | CIVIL NO. 00-CV-1883 |
| IMMIGRATION AND NATURALIZATION ) | (JUDGE KANE) |
| SERVICE, ) | |
| Respondent ) | |
| ) | |

### PRAY FOR FINAL JUDGMENT OF MOTION FOR RECONSIDERATION

Petitioner, pro se, respectfully begs that this Honorable Court enter its final decision of his pending motion for reconsideration.

Petitioner further ask that this Honorable Court construe this motion liberally and cure any procedural errors as adjudged in **Haines v. Kerner,** 404 U.S. 519 **(1972)** in regards to pro se petitions.

### BACKGROUND

Petitioner, David Kebe, is a native and citizen of France from Sudanese descent. He entered the United States in 1996.

INS instiued administrative removal proceedings against Petitioner following two convictions for theft of services. On February 25, 1999, Kebe was ordered deported. He did not appealed and therefore his removal became final 30 days later.

Actually, 40 months later, Petitioner continues under INS custody awaiting his unforeseeable removal.

Petitioner filed the instant petition for writ of habeas corpus on October 25, 2000 alleging that his prolonged detention violates his constitutional rights.

On November 7, 2000, the Magistrate Judge recommended denial of the petition as Kebe was receiving reviews as required by **Ngo v. INS,** 193 **F.3d 390 (3d Cir. 1999).** This Court adopted the report and recommendation and on May 23, 2001 denied Petitioner's writ of habeas corpus.

On June 28, 2001, the United States Supreme Court decided·**Zadvydas v. Davis,** **533 U.S. 678, 121 S.Ct. 2491 (2001).** In light of the Supreme Court decision,

-1-

Petitioner filed the pending motion for reconsideration (relief from Judgment under Rule 60) on August 2, 2001.

### ARGUMENT

The Supreme Court found that indefinite detention of removable aliens, similarly situated to Petitioner, Kebe, herein, for more than 6 months is unconstitutional, left alone 41 months. **Zadvydas, Id. at 2505.**

On September 10, 2001, the Government in its response conceded that Zadvydas was applicable to Petitioner's case and requested time to treat Petitioner's motion as a request to determine whether there was a significant likelihood of Kebe's removal in the foreseeable future.

On January 23, 2002, this Honorable Court issued a order and memorandum directing INS to complete a review of Petitioner's case as provided for in the interim procedures and/or to submitt a supplemental brief concerning the likelihood of Petitioner's removal in the foreseeable future. The Court directed Respondents to file a supplemental brief by March 8, 2002.

After conducting a review, INS found that Petitioner's removal was foreseeable and that continued detention was recommended. INS, however, has tried to characterize Petitioner as a person who has used several names to tamper his removal. INS's assertion is quite interesting because <u>Petitioner is willing to concede INS's allegations if they submitt any proof.</u>

Petitioner knows that he ever used his real name <u>David Kebe</u> and any other INS's assertion should be viewed as a false pretense. The only thing that can be misconstued is Petitioner's pronunciation as David Kebe can be easily misunderstood as David Gibby or David Tebe due to Petitioner's French accent.

The only time that INS could say that Petitioner used another person's name was that of Phillys Pickering. At that time Petitioner used a vendor licence in New York to work. Petitioner was simply trying to work and accepted to use his friend's vendor license. However, INS has continually tried to use this fact to complicate Petitioner's case. Other that this, Petitioner does not concedes to having used any other names as stated by INS. If INS keeps trying to advance such a blatantly false assertion, they must produce evidence such as a document that Petitioner ever signed a different name. That should be the only allowable evidence by this Honorable Court.

Petitioner's detention is obviously unconstitutional because INS can not deport him due to his lack of documents and the refusal of his country to accept him.

After 41 months under INS custody it is clear that INS can't achieve its goal to deport Petitioner. This Honorable Court should be able to find that Petitioner's 41 months old detention (Petitioner's removal order became final in March 1999), is not permissible and that his removal is not likely to occur in the reasonably foreseeable future, or indeed at any time.

Once again, Petitioner David Kebe states, as always, that he was born in Paris (France). he came to the United States with the help of the UNESCO and Amnesty International. Petitioner has requested INS to deport him to Sudan, his parents' native country, if his French citizenship can not be verified. Petitioner himself sent several letters to the Sudan Ambassy in Washington to try to get travel documents but did not received any response. Petitioner later learned that Sudan does not have ambassy in the United States. Petitioner request to be deported to his parents' native country does not mean that he is not a citizen of France.

Petitioner did not replied to Government's March 1, 2002 supplemental brief because:

1) This Honorable Court is familiar with the background of this case and he does not want to address any unnecessary information over and over.

2) It is more than clear that Petitioner has been under INS custody more than 41 months which is far longer than the reasonable 6 months test as adjudged by the Supreme Court in **Zadvydas Id.**

3) Petitioner was in the hospital from February 5, 2002 until April 30, 2002.

## CONCLUSION

Therefore, for the above argument, and 1 year after filing his motion for reconsideration, and nearly 1 year after the government conceded that **Zadvydas** is applicable to Petitioner's case, and 7 months after this Honorable Court issued a memorandum and order telling the government that Petitioner may be being held illegally, Petitioner respectfully request that this Honorable Court grant his motion for reconsideration and order his supervised release under any conditions than Respondent and/or this Honorable Court deem appropriate.

Petitioner also filed a motion for appiontment of counsel on May 8, 2002 that is also pending decision.

Respectfully submitted,

Kebe David

Dated 08/21/02

David Kebe

# 0666-02

Berks County Prison

1287 County Welfare Road

Leesport, PA 19533-9397

**CERTIFICATE OF SERVICE**

I certify that on August 21, 2002, I served the United States Attorney with a copy of the foregoing, Motion for final judgment, by placing a true and complete copy in an envelope, postage prepaid, and mailing it as follows:

Mary Catherine Frye
Assistant U.S. Attorney
228 Walnut Street, Suite 220
PO Box 11754
Harrisburg, PA 17108-1754

_____
David Kebe

Legal Mail

;97

**FILED**
HARRISBURG, PA

AUG 2 3 2002

MARY E. D'ANDREA, CLERK
Per _____

Clerk's office

UNited States districts court for The Middle
district of Pennsylvania.

228 Walnut Street

P.O. Box 983

Harrisburg, Pennsylvania 17108