IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAVID KEBE,** | : | CIVIL ACTION NO. |
| Petitioner, | : | 1:CV-00-1883 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| **IMMIGRATION AND** | : | |
| **NATURALIZATION SERVICE,** | : | |
| Respondent. | : | |

FILED
HARRISBURG

SEP 1 2 2002

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

## ORDER

Pursuant to Order of this Court, Petitioner in the above-captioned matter was granted leave to proceed <u>in forma pauperis</u>. Petitioner has recently filed a motion for appointment of counsel. For the reasons discussed below, the Court will deny the motion.

A plaintiff in a civil case has no constitutional or statutory right to the appointment of counsel. However, the Court has broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). <u>See</u> <u>Tabron v. Grace</u>, 6 F.3d 147, 153 (3d Cir. 1993), <u>cert. denied</u>, 410 U.S. 1196 (1994); <u>Ray v. Robinson</u>, 640 F.2d 474, 477 (3d Cir. 1981). The Court of Appeals for the Third Circuit has stated that appointment of counsel for a litigant should only be made "upon a showing of special circumstances indicating the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." <u>Smith-Bey v. Petsock</u>, 741 F.2d 22, 26 (3d Cir. 1984).

In <u>Parham</u>, the Third Circuit outlined the following applicable standards for appointing attorneys under 28 U.S.C. § 1915:

> As a preliminary matter, the plaintiff's claim must have some merit in fact and law. If the district court determines that the plaintiff's claim has some merit, then the district court should consider the following factors:
>
> (1) the plaintiff's ability to present his or her own case;
> (2) the complexity of the legal issues;
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
> (4) the amount a case is likely to turn on credibility determinations;
> (5) whether the case will require the testimony of expert witnesses;

    (6) whether the plaintiff can attain and afford counsel on his own behalf.

  This list of factors is not exhaustive, but instead should serve as a guidepost for the district courts. Correspondingly, courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases.

Parham v. Johnson, 126 F.3d 454, 457-58 (3d Cir.1997) (citing Tabron, 6 F.3d at 155-56, 157 n. 5).

  The preliminary step, then, is to review the merits of Petitioner's writ. At this stage in the proceedings, the writ has been exhaustively briefed. Petitioner has done a satisfactory job presenting his claims to the Court, and the Court finds that it would not be assisted by additional briefing. The legal issues involved have not exceeded his ability to present them, and the Court does not expect this to change. Excessive factual investigation and the use of expert witnesses appear to be unnecessary. At this point in time, it appears that the Petition will be decided on issues of law. However, Petitioner is unable to afford an attorney. After weighing all the above factors this Court finds that appointment of counsel is unnecessary at this time.

  **THEREFORE, IT IS ORDERED THAT** Petitioner's motion for appointment of counsel is **DENIED**.

Dated: Sept 11, 2002.

Yvette Kane
United States District Judge